OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Defendant was charged with robbery of a parking lot attendant. The prosecution’s case against defendant was premised, in part, upon circumstantial evidence. The trial court, in its charge to the jury concerning circumstantial evidence, stated: "In this case the prosecution suggests there is direct evidence that Jerome Williams was on Mt. Hope Avenue. He was allegedly seen there and identified by certain police officers. The direct evidence must be sufficient to give rise to an inference logical, clear and strong. Again I suggest to you the logical and clear and strong inference which can be drawn from this is that Mr. Williams was fleeing from the robbery that allegedly occurred a short time ago”. This charge, properly preserved for our review by timely objection and recognized as erroneous in both the majority and dissenting opinions below, impermissibly suggested that a "strong inference”
 
 *791
 
 could be drawn that defendant was fleeing from the robbery. This suggestion, which essentially equated defendant’s flight with guilt as to the crimes charged, supplanted the fact-finding function of the jury, and under the circumstances of this case, constitutes reversible error.
 
 (People v Lewis,
 
 64 NY2d 1031, 1032.)
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur in memorandum; Judge Simons taking no part.
 

 Order reversed, etc.