523 So.2d 573 (1988)
John Edward MERRITT, Petitioner,
v.
STATE of Florida, Respondent.
No. 69353.
Supreme Court of Florida.
April 21, 1988.
Michael E. Allen, Public Defender, and Ann Cocheu and Paula S. Saunders, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SHAW, Justice.
John Edward Merritt was convicted of first-degree murder and armed burglary. The trial judge imposed death over the jury's recommended life sentence. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Darrell Davis was murdered and his home burglarized in 1982. In 1985 the state received information leading to Merritt who was serving time on an unrelated conviction in Virginia. In April 1985 the state executed a search warrant for Merritt's body hair and fingerprints. Nine months later, (December 1985) he escaped *574 while being transported to Florida for prosecution of charges unrelated to the Davis incident. In March 1986 Merritt was indicted for Davis's first degree murder and armed burglary.
Merritt argues that the trial court erroneously admitted evidence of the 1985 escape. We agree. Flight evidence is admissible as relevant to the defendant's consciousness of guilt where there is sufficient evidence that the defendant fled to avoid prosecution of the charged offense. See Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981); State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); Daniels v. State, 108 So.2d 755 (Fla. 1959); Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920). However, flight alone is no more consistent with guilt than innocence. See Whitfield v. State, 452 So.2d 548 (Fla. 1984).
Merritt argues that the state failed to establish that he fled to avoid prosecution for the Davis murder as opposed to the other unrelated charges. We addressed a similar argument in Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, ___ U.S. ___, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986). Bundy murdered two Tallahassee Chi Omega sorority sisters in January 1978. Kimberly Leach from Lake City was reported missing in February 1978. During Bundy's trial for the Leach murder, the state introduced evidence that he fled twice in the six days following Leach's disappearance. Bundy argued on appeal that the evidence was inadmissible because the state failed to prove that he fled to avoid prosecution for the Leach murder as opposed to the Tallahassee crimes. We found, however, that the jury could reasonably infer Bundy's consciousness of guilt from his flights because they occurred only days after Leach's much publicized disappearance.
Unlike Bundy, there is insufficient evidence in the instant case that Merritt fled to avoid prosecution for the Davis murder and burglary. Merritt escaped three years after the Davis murder. Although he was made aware of the murder investigation when the state executed its search warrant in April 1985, he did not attempt to escape until December 1985 during his return to Florida to stand trial on unrelated charges, including armed kidnapping, aggravated assault, and armed burglary. Merritt was not indicted for the Davis murder until March 1986. A jury could not reasonably infer from these facts that Merritt escaped to avoid prosecution for the Davis murder. Such an inference would be the sheerest of speculation.
Merritt was between a rock and a hard place once the court erroneously admitted the evidence. To rebut the state's improper implication that he escaped to evade prosecution for the Davis murder, defense counsel introduced testimony that he escaped while being returned to Florida on unrelated charges. The court compounded the error by instructing the jury that an attempt to avoid prosecution through flight is a circumstance which may be considered in determining guilt. We cannot say beyond a reasonable doubt that these errors did not affect the jury's verdict. See DiGuilio v. State, 491 So.2d 1129 (Fla. 1986).
The necessity for a new trial moots Merritt's remaining arguments. Accordingly, we quash Merritt's conviction and sentence, and remand to the trial court for a new trial.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.