NESBITT, Judge.
This is an appeal from a conviction of attempted, premeditated murder. The defendant’s principal claim, and the only one we deem worthy of some discussion, is that the evidence was insufficient to show the requisite premeditation by his level of participation in the commission of the offense charged.
The defendant was the driver of a black Blazer vehicle. His passenger was a juvenile. It was later discovered that the two were hauling a load of illegal drugs. Following a Be-on-the-Lookout (BOLO) alert which issued for a black Blazer involved in a purported shooting,[1] police officers came upon the Blazer being driven by the de *1374 fendant. The officers attempted to stop him for questioning. However, the defendant refused to stop even though the uniformed officers were in a marked squad car, the lights were flashing, and the siren was sounding. Within a short time after pursuit began, a second police car was positioned to block the path of the Blazer, but the defendant drove up over the curb to evade the roadblock. At that point, the defendant accelerated and a full-scale chase ensued over some eleven city blocks during which time the defendant ignored stop signs and traffic lights and drove into oncoming traffic lanes. During the chase, the passenger opened fire on the pursuing police officers, shattering the windshield of the police car. One bullet grazed the ear of the officer driving the squad car, causing him to stop his vehicle abruptly, at which point both officers fell out of the car onto the ground. At that moment, the defendant slowed down his Blazer and positioned it in such a way as to allow his passenger to more effectively fire a few additional rounds out the back window of the vehicle at the unarmed officers.
Both defendants were apprehended and charged with attempted first-degree murder pursuant to sections 777.04(1) and 782.04(l)(a)(l), Florida Statutes (1985). At trial, the jury heard evidence of the defendant’s evasive driving action followed by his decision to accelerate and then maneuver the Blazer so as to enable his passenger to attempt to fatally wound the pursuing officers. An animal control officer who had become involved in the chase testified that he saw the defendant and the trigger-man conversing shortly before the shooting began. Furthermore, evidence was presented of an inculpatory statement given by the defendant to arresting police wherein he admitted telling the trigger-man to “Shoot! Shoot! Shoot!” This evidence, when considered as a whole and viewed in the light most favorable to the state as the prevailing party, was a sufficient basis upon which the jury could find intent to aid and abet the commission of premeditated murder. See Shockey v. State, 338 So.2d 33 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 427 (Fla.1977). See generally Hampton v. State, 336 So.2d 378 (Fla. 1st DCA) (immaterial whether information alleges that defendant committed crime or was aider and abettor as long as proof establishes that he was guilty of either act), cert. denied, 339 So.2d 1169 (Fla.1976); State v. Roby, 246 So.2d 566 (Fla.1971) (person who is charged with commission of crime may be convicted on proof that he aided or abetted in committing the crime). We, therefore, reject the defendant's contention that, based on the evidence, his conviction be reduced to attempted second-degree murder.
The defendant’s claim involving the failure of the trial court to suppress his inculpatory statements due to alleged coercive police conduct is without merit because it was entirely within that court’s province to assess the credibility of the testimony and evidence presented during the suppression hearing. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Stone v. State, 378 So.2d 765 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
The remaining point claiming an improper instruction relative to flight is equally without merit.
Affirmed.

. It was ultimately determined that the defendant’s vehicle was not the object of the BOLO alert.