540 So.2d 258 (1989)
Earl C. MEGGISON, Sr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-692, 88-763.
District Court of Appeal of Florida, Fifth District.
March 30, 1989.
*259 Daniel W. Perry, of Kenny & Perry, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
This is an appeal from a conviction adjudicating the defendant, Earl C. Meggison, Sr., guilty on several counts of contributing to the deliquency of a minor, lewd and lascivious assault upon a child, and engaging in sexual activity with a child. The first three interrelated points on appeal involve the trial court's decision to allow testimony concerning Meggison's attempted suicide and the court's failure to permit the defendant to introduce into evidence his alleged suicide note to explain and contradict the inference that his suicide was probative of guilt. The fourth point alleges fundamental error in the form of prosecutorial misstatements which were not objected to at trial.
Meggison was arrested on November 19, 1986. On April 28, 1987, he entered a plea of guilty in return for the dismissal of the sexual activity charges and for guaranteed probation. Shortly after the plea he attempted suicide on May 7, 1987. Meggison then moved to withdraw his plea on the ground that the plea agreement had been violated. On July 30, 1987, the trial court granted the motion to withdraw the plea.
At the first trial in 1987, the trial court excluded from evidence testimony regarding Meggison's suicide attempt. Meggison did not testify. He was convicted of one count of contributing to the delinquency of a minor, but a mistrial was declared as to the other counts. Meggison and defense counsel were contacted by a juror afterward and told that the jury had split 5-to-1 in favor of acquittal.
Meggison was retried in January of 1988 before a different trial judge. Over the defense counsel's objection the state was permitted to elicit the same testimony regarding the suicide attempt that had been excluded at the original trial. The court also granted the state's requested flight instruction that permitted the jury to construe the suicide attempt as flight.
Apparently, defense counsel attempted to introduce a purported suicide note to explain the suicide and rebut the inference that it was probative of guilt. Before the state formally closed its case in chief, defense counsel indicated to the trial judge that once the state rested and the defense was permitted to proceed, it would seek to introduce the suicide note into evidence based on the predicate that had been laid in the prior testimony of a state witness during the state's case. The trial judge announced that he was going to deny the request "to save time." The state formally rested its case as did the defendant. It appears that the defendant did not formally seek to introduce the suicide note during its case, but, in view of the statement by the trial court, that effort would have been futile, and therefore unnecessary to preserve the point for appellate review. See Reaves v. State, 531 So.2d 401 (Fla. 5th DCA 1988).
The first point raised by appellant is dispositive. At the time Meggison attempted suicide, he had pled guilty to the charges and was awaiting sentencing. The attempted suicide, therefore, was not probative of flight from a pending prosecution. Cf. Merritt v. State, 523 So.2d 573 (Fla. 1988). Moreover, if the evidence of the attempted suicide had been admissible, then clearly the contemporary, exculpatory suicide note was also admissible to provide a reason other than guilt for the attempted suicide. See People v. Carter, 48 Cal.2d 737, 312 P.2d 665 (1957).
REVERSED AND REMANDED FOR NEW TRIAL.
SHARP, CJ., and DANIEL, J., concur.