PER CURIAM.
Max Fenelon appeals from a judgment and sentence for charges of first degree murder and attempted robbery with a firearm. We affirm in part and reverse in part.
Appellant raises two points in this appeal. First, he contends the trial court *265 erred when it instructed the jury, over his objection, on flight from the crime scene. Appellant argues that evidence of flight, standing alone, is insufficient to support giving such an instruction. The state argues, and we agree, that the record contains sufficient evidence to support the jury instruction on flight. At trial one witness testified that on the morning of the shooting, appellant, whom he had known for approximately one year, told him he was going to “jack” someone. The witness interpreted this as a statement that appellant intended to commit a robbery. A second witness who knew appellant testified that she saw appellant running past Rally’s Restaurant, where she was working, at approximately 4:30 or 5:00 p.m. on the date of the shooting. This witness also testified that she saw what appeared to be the handle of a black gun protruding from appellant's pocket. Another friend of appellant’s testified that she saw appellant the evening of the shooting and appellant told her that a gun he had been holding had discharged and that a lady was shot.
Flight evidence is admissible as relevant to the defendant’s consciousness of guilt where there is sufficient evidence that the defendant fled to avoid prosecution of the charged offense.
Merritt v. State, 523 So.2d 573, 574 (Fla. 1988) (citations omitted) Thus, we affirm on this point.
Appellant next contends that because the sentencing guidelines applied to appellant’s conviction for attempted robbery, the trial court erred in sentencing him to a term of twenty-five (25) years in prison without reference to a guideline scoresheet. Appellant maintains that the sentence is illegal because attempted armed robbery is a second degree felony punishable by no more than fifteen (15) years in prison. The state concedes that the trial court should have prepared a scoresheet for Count II, see Lamb v. State, 532 So.2d 1051, 1054-1055 (Fla.1988), and further concedes that the maximum statutory penalty for this crime is fifteen (15) years. The state argues, however, that since the trial court did not realize it exceeded the sentencing guidelines, that on remand it should be permitted to depart from the guidelines. We agree. See State v. Vanhorn, 561 So.2d 584 (Fla.1990).
Accordingly, we vacate the sentence and remand for resentencing with leave to depart from the guidelines provided the court submits at least one valid written reason for its departure.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS and DELL, JJ., and WALDEN, JAMES H. (Retired), Associate Judge, concur.