594 So.2d 292 (1992)
Max FENELON, Petitioner,
v.
STATE of Florida, Respondent.
No. 77765.
Supreme Court of Florida.
February 13, 1992.
*293 Max Fenelon, pro se.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and James J. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We review Fenelon v. State, 575 So.2d 264 (Fla. 4th DCA 1991), based on asserted conflict with Merritt v. State, 523 So.2d 573 (Fla. 1988), and Proffitt v. State, 315 So.2d 461 (Fla. 1975), aff'd, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).[1] The issue is whether the trial court erred in instructing the jury that it could consider flight as a circumstance inferring guilt.
Max Fenelon was tried and convicted of first-degree murder and attempted robbery with a firearm. Over defense objections, the trial court had given the jury instruction on flight.[2] On appeal, the district court affirmed, finding "that the record contains sufficient evidence to support the jury instruction on flight." Fenelon, 575 So.2d at 265.
Fenelon urges that under Florida law the evidence was insufficient for such an instruction. The State contends that even if the instruction was erroneously given, the error would be harmless in light of the evidence presented. That evidence included Fenelon's admission upon his arrest that he had fired the gun and run away from the scene;[3] the testimony of Herard Martelus that on the day of the murder Fenelon had a gun and told him that he planned to "jack" someone; the testimony of Betty George that she saw Fenelon running near the area of the shooting with the handle of a black gun protruding from his pocket, and that later that evening Fenelon told her that the gun had accidentally fired when he tried to scare a lady into giving him money; the testimony of Mona Lisa Rolle that Fenelon told her on the day of the shooting that a gun he was holding had accidentally discharged and a lady was shot.
We agree with the State that giving the flight instruction, even if erroneous, was harmless beyond a reasonable doubt in light of the evidence at trial supporting the defendant's guilt. Thus, we need not decide the initial question presented. However, *294 this case has raised serious concerns over the appropriateness of a jury instruction pertaining to evidence of flight.
Evidence that a defendant was seen at the scene of a crime, leaving the scene, or fleeing from the scene, in most instances, would be relevant to the question of the defendant's guilt. Such evidence, like any other evidence offered at trial, is weighed and measured by its degree of relevance to the issues in the case. The flight instruction, however, treats that evidence differently from any other evidence. It provides an exception to the rule that the judge should not invade the province of the jury by commenting on the evidence or indicating what inferences may be drawn from it.
Especially in a criminal prosecution, the trial court should take great care not to intimate to the jury the court's opinion as to the weight, character, or credibility of any evidence adduced.
Whitfield v. State, 452 So.2d 548, 549 (Fla. 1984).
In reconsidering the flight instruction, we can think of no valid policy reason why a trial judge should be permitted to comment on evidence of flight as opposed to any other evidence adduced at trial. Indeed, the instruction has long been eliminated from the Florida Standard Jury Instructions in Criminal Cases, apparently in an effort to eliminate "[l]anguage which might be construed as a comment on the evidence." Fla. Std. Jury Instr. (Crim.), Committee Report at xvi (The Florida Bar Feb. 15, 1980). We also note that a number of other jurisdictions have expressed these same concerns and have either disapproved or strongly discouraged the use of a flight instruction. See People v. Larson, 194 Colo. 338, 572 P.2d 815, 817 (1977); State v. Wrenn, 584 P.2d 1231, 1233 (Idaho 1978); State v. Bone, 429 N.W.2d 123, 125-27 (Iowa 1988); State v. Cathey, 241 Kan. 715, 741 P.2d 738, 748-49 (1987); People v. Williams, 66 N.Y.2d 789, 497 N.Y.S.2d 902, 903, 488 N.E.2d 832, 833 (1985); State v. Stilling, 285 Or. 293, 590 P.2d 1223, 1230, cert. denied, 444 U.S. 880, 100 S.Ct. 169, 62 L.Ed.2d 110 (1979); State v. Grant, 275 S.C. 404, 272 S.E.2d 169, 171 (1980); State v. Menard, 424 N.W.2d 382, 384 (S.D. 1988).
The difficulty inherent in the flight instruction is in deciding when "leaving" or "fleeing" actually indicates consciousness of guilt. Confusion over the application of the flight instruction is reflected by the many and varied circumstances under which the instruction has been given. For example, some cases indicate that "flight" means the defendant fled the scene of the crime. See, e.g., Feimster v. State, 491 So.2d 321 (Fla. 3d DCA), review denied, 492 So.2d 1331 (Fla. 1986); Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985), approved, 482 So.2d 1377 (1986); Cremade v. State, 367 So.2d 236 (Fla. 3d DCA 1979); Villageliu v. State, 347 So.2d 445 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 518 (Fla. 1978); Martinez v. State, 346 So.2d 1209 (Fla. 3d DCA), cert. denied, 354 So.2d 983 (Fla. 1977); but see Jackson v. State, 575 So.2d 181, 189 (Fla. 1991) ("Departure from the scene of the crime, albeit hastily done, is not the flight to which the jury instruction refers"). In contrast, other cases seem to define "flight" as leaving the jurisdiction. See, e.g., Ventura v. State, 560 So.2d 217 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 372, 112 L.Ed.2d 334 (1990); Green v. State, 571 So.2d 571 (Fla. 3d DCA 1990); Gross v. State, 505 So.2d 16 (Fla. 3d DCA 1987); Hargrett v. State, 255 So.2d 298 (Fla. 3d DCA 1971). Still other cases use "flight" to mean the defendant ran from police or resisted arrest. See, e.g., Brown v. State, 526 So.2d 903 (Fla.), cert. denied, 488 U.S. 944, 109 S.Ct. 371, 102 L.Ed.2d 361 (1988); Bundy v. State, 455 So.2d 330 (Fla. 1984), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986); Rodriguez v. State, 528 So.2d 1373 (Fla. 3d DCA 1988); Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985), approved, 485 So.2d 1285 (Fla. 1986); Brown v. State, 443 So.2d 194 (Fla. 3d DCA 1983). And still other cases indicate that "flight" occurs where the defendant attempts escape from custody. See, e.g., Freeman v. State, 547 So.2d 125 (Fla. 1989); Harvey v. State, 529 So.2d 1083, 1086 (Fla. 1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989); Plasencia v. State, 426 So.2d 1051 *295 (Fla. 3d DCA), review denied, 436 So.2d 100 (Fla. 1983); Jordan v. State, 419 So.2d 363 (Fla. 1st DCA 1982). Finally, the instruction has also been given where the defendant gave a false name, see Highsmith v. State, 580 So.2d 234 (Fla. 1st DCA), review denied, 589 So.2d 291 (Fla. 1991); but see Simpson v. State, 562 So.2d 742 (Fla. 1st DCA) (error to instruct that giving a false statement could be considered evidence of defendant's guilt), review denied, 574 So.2d 143 (1990); and where the defendant attempted suicide, see Walker v. State, 483 So.2d 791 (Fla. 1st DCA), review denied, 492 So.2d 1336 (Fla. 1986); contra Meggison v. State, 540 So.2d 258 (Fla. 5th DCA 1989).
This Court has noted that "flight alone is no more consistent with guilt than innocence." Merritt v. State, 523 So.2d 573, 574 (Fla. 1988); Whitfield v. State, 452 So.2d at 550. Thus, we have required "significantly more evidence in the record than flight standing alone" to support an instruction. Proffitt v. State, 315 So.2d 461, 466 (1975), affirmed, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); see also Wright v. State, 586 So.2d 1024, 1030 (Fla. 1991) (flight instruction may be given only when supported by the evidence). However, there is much disagreement as to what kind and what quantum of evidence will support an instruction on flight. This problem is illustrated by the many cases where appellate courts found error in the trial courts' flight instructions because of insufficiency of the evidence. See, e.g., Wright, 586 So.2d at 1030. ("Merely fleeing the scene of a crime does not support a flight instruction."); Rhodes v. State, 547 So.2d 1201 (Fla. 1989) (no evidence that defendant was fleeing to avoid prosecution when he was stopped by highway patrol for speeding); Lefevre v. State, 585 So.2d 457 (Fla. 1st DCA 1991) (defendant's flight from shooting scene equally consistent with his theory of defense); Williams v. State, 427 So.2d 331 (Fla. 3d DCA 1983) (insufficient evidence defendant fled scene to avoid prosecution); Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977) (no evidence defendant's flight from scene was for purpose of avoiding detection); compare Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986) (evidence that defendant fled jurisdiction several days after the victim's disappearance indicated such flight was to avoid prosecution for that murder, as opposed to other crimes with which he was also charged), with Merritt v. State, 523 So.2d at 573 (defendant's escape attempt while en route to Florida to stand trial did not prove that such flight was to avoid prosecution of unrelated murder, even though defendant knew he was a suspect in that case).
In sum, we are troubled by the inconsistencies among the cases as well as with the lack of a meaningful standard for assessing what type of evidence merits the instruction. Indeed, at oral argument, neither party could articulate specific guidelines that trial courts should use to determine when the instruction should be given. We are thus persuaded that the better policy in future cases where evidence of flight has been properly admitted is to reserve comment to counsel, rather than to the court. See Jackson v. State, 435 So.2d 984 (Fla. 4th DCA 1983), approved, Whitfield, 452 So.2d at 550.
Accordingly, we approve the result below although we direct that henceforth the jury instruction on flight shall not be given.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] The court instructed the jury:

Flight. A person accused of a crime raises no presumption of guilt. But that is a circumstance that goes to the jury to be considered by you with all other testimony. And the circumstances should be given such weight as you may determine it [is] entitled to. And the rule is when a suspected person in any manner endeavors to escape or by threatened prosecution attempts by flight or concealment such may be then one of series of circumstances [from] which guilt may be inferred.
[3] At trial, Fenelon recanted his statements made at the time of arrest. He denied participating in the robbery, which he said he had heard several other men planning. He claimed he had been in a nearby furniture store and ran away scared when he heard the shot and saw the victim bleeding from the mouth.