601 So.2d 636 (1992)
Maurice YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1521.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
*637 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from a judgment adjudicating appellant guilty of two counts of armed robbery, and sentence of two consecutive terms of life in prison without eligibility for parole for fifteen years (as a violent habitual felony offender), and an order to pay restitution in the amount of $4,250.
On January 14, 1989, Linda Zanders was waiting in her car at a Shell gas station in Broward County for her friend, Harold Gordon, to return to the car. As Gordon was returning to Zanders' car, a car pulled up and the driver of the car asked Gordon for help, which Gordon refused. The man then asked if Gordon wanted to buy any jewelry, and Gordon again refused. Gordon returned to Zanders' car, and as he was leaning inside the car window a man with a gun approached the car and robbed both Gordon and Zanders. The man took jewelry from both Gordon and Zanders, and also took Zanders' car, a four-door white Oldsmobile Omega.
At trial, the State was permitted to introduce, over objections by the defense, evidence that police in Dade County received a BOLO on January 16, 1989, of a car that was described as being involved in a couple of prior armed robberies in Dade County. After a chase of a car that fit the BOLO description, three suspects abandoned the car. The car turned out to be Ms. Zanders' car. Two of the suspects, including appellant, were subsequently apprehended after running from an abandoned house where they had been hiding. A gun was also found in this house.
Alphonso Chavez, one of the collateral robbery witnesses, testified that he and his wife were robbed on January 15, 1989, in the parking lot of a Barnett Bank in Dade County. Chavez testified that, while he was withdrawing money at an automatic teller machine, a man with a gun, whom he subsequently identified as appellant, approached him and said, "This is a holdup." The man took Chavez's money and then fired two shots in Chavez's direction. A second man took the wife's purse before the pair fled in a white car.
Albert Steele, the second collateral robbery witness, testified that he and a friend were robbed on the evening of January 16, 1989, by two black men with guns who approached them in a white car as they sat in front of a Jeep waiting for a friend. Steele and his friend gave the men their bags. They reported the car's tag number to the police, and they identified their belongings in the car when it was apprehended by police. Steele further testified that, when the police took him to identify the car and his belongings, the individuals under arrest at the scene were the same ones who robbed him. Appellant pled nolo contendere to charges arising from this offense.
*638 The jury found appellant guilty of two counts of armed robbery, adjudicated him to be an habitual offender, and sentenced him to serve two consecutive life terms with consecutive fifteen-year terms before he could be considered eligible for parole. The court also ordered restitution in the amount of $4,250. From said judgment and sentence appellant has perfected this appeal in which he presents four points representing alleged erroneous action by the trial court: 1) the admission of collateral crime evidence, 2) instructing the jury on the effect of evidence of flight, 3) the imposition of consecutive mandatory sentences as an habitual offender, and 4) imposition of restitution.
The trial court admitted, over objection, testimony of several witnesses involved in two robberies in Dade County. In those episodes the victims were robbed by two black men, at night; one on January 15, 1989, in a bank parking lot, the other on January 16, 1989, in front of a supermarket. The robbers took money and a purse on one occasion and the victims' bags on the other. The vehicle that the robbers were using was the white car stolen from the victims in this case, and the victims or police identified appellant as one of the robbers.
Appellant contends the similarities between the facts in the collateral crimes and those in the present crime are not sufficient to meet the requirements for admissibility under the pertinent rule. We disagree. There were a great many similarities between the three criminal episodes which, when capped off by the clear evidence that the robbers used the Zanders' car in each robbery during a three-day spree in both Broward and Dade Counties and that appellant was identified in all three of them, demonstrates that the collateral crimes were relevant and admissible.
Next, we deal with the contention that the flight instruction was erroneous. In the recent case of Fenelon v. State, 594 So.2d 292 (Fla. 1992), the supreme court held that "the better policy in future cases where evidence of flight has been properly admitted is to reserve comment to counsel, rather than to the court." Furthermore, the court said, "henceforth the jury instruction on flight shall not be given." Thus, on remand the instruction should not be given. Nevertheless, we must treat this alleged error because it is properly raised and the Fenelon opinion is not retroactive.
We acknowledge that an instruction on flight is permissible only where there is significantly more evidence against the defendant than flight, standing alone. Whitfield v. State, 452 So.2d 548 (Fla. 1984). Furthermore, this record reflects considerable evidence in addition to that of fleeing. However, the admission of evidence of flight from one crime scene during a short period of time when several crimes have been committed make it difficult, if not impossible, to determine that the flight resulted from feelings of guilt attributable to a particular crime. Merritt v. State, 523 So.2d 573 (Fla. 1988); United States v. Myers, 550 F.2d 1036 (5th Cir.1977). Thus, we believe the evidence necessary to give a flight instruction in this case was inadequate. It does not justify a decision that appellant's flight in one of the Dade County robberies was evidence of guilt feelings vis-a-vis the crime involved herein, rather than one of the Dade County crimes. Accordingly, we believe it was error to give the instruction here, but hold the error to be harmless in view of the abundance of other evidence of guilt.
Turning now to the sentence imposed, the first contention in that regard is that the stacking of consecutive mandatory minimum terms is improper. Our question is answered by the recent case of Daniels v. State, 595 So.2d 952 (1992), wherein the supreme court answered a certified question in the following paraphrased fashion:
A trial judge does not have the discretion under sections 775.021(4) and 775.084, Florida Statutes (Supp. 1988), to impose consecutive fifteen-year minimum mandatory sentences for first-degree felonies committed by an habitual violent felony offender arising from a single criminal episode.
*639 We are thus advised that the sentence involved herein must be modified to eliminate the "stacking" of consecutive minimum mandatory terms.
Finally, we treat the order of restitution contained in the sentence. Appellant's counsel objected to the imposition of restitution. He contended the appellant would be unable to do so because of his impecunious condition.
As happens in so many of the restitution cases, this burden is imposed without the court being properly informed as to the various statutory factors the court is obliged to consider. Although the statute does not expressly mandate a notice and hearing on the issue of restitution vel non, this court has in the past held that it should be so;[1] that, in order for the court to be fully informed as to the need and defendant's ability to make restitution, it should hold a hearing and the defendant should be notified thereof so as to be prepared to furnish the needed information to the court. No restitution hearing was held in this case and it does not appear that appellant had any opportunity to be heard on the various factors to be considered by the court. On remand, the trial court should make an informed determination regarding the advisability of restitution and the amount thereof.
For the foregoing reasons we affirm the judgment of conviction, but reverse the sentence and remand the cause with directions that one of the improper mandatory minimum sentences be made to run concurrently with the other such sentence, and that the court reconsider the imposition of restitution and the amount thereof in accordance with this opinion.
GUNTHER, J., concurs.
WARNER, J., dissents with opinion.
WARNER, Judge, dissenting in part with opinion.
I disagree with the majority's conclusion that the similarities of collateral crime evidence was sufficient to justify the admission of Williams rule evidence. There is not that uniqueness in the features of the crimes to show a sufficient modus operandi that introduction of the evidence of the collateral crime would show that he committed the charged crime. See Buenoano v. State, 527 So.2d 194 (Fla. 1988). The fact that the day after the instant crime the victim's car is used in other robberies in which appellant was involved does not prove that he stole the car in the charged robbery in this case. Obviously, he could have joined in with others after the car was stolen.
It appears that the collateral crime evidence became the feature of the trial. I would hold it inadmissible and not harmless and reverse.
I would also reverse on the giving of the flight instruction. Fenelon v. State, 594 So.2d 292 (Fla. 1992), holds that it should not be given. Recently, Smith v. State, 598 So.2d 1063 (Fla. 1992), held that decisions of the Supreme Court announcing a new rule of law should be applied retroactively in all cases not final as of the time of the court's decision where the point has been properly preserved and raised. I would apply Fenelon to this case. I do not think it was harmless error to give the instruction.
I concur with the remaining portions of the majority opinion.
NOTES
[1] Pellot v. State, 582 So.2d 124 (Fla. 4th DCA 1991); Snell v. State, 502 So.2d 489 (Fla. 4th DCA 1987); Thomas v. State, 517 So.2d 132 (Fla. 4th DCA 1987).