SMITH, Judge.
Appellant seeks reversal of his conviction and sentence for sale of cocaine on numerous grounds. We reverse.
In his first point on appeal, appellant maintains that the trial court erred in allowing the state to present testimony, in rebuttal, concerning post-arrest statements allegedly made by appellant, which was not disclosed by the state in pre-trial discovery. The post-arrest statements were allegedly made by appellant to a third officer, Forster, which police officers Taylor and White allegedly overheard. Moments before the trial began, the state furnished the names of Taylor and White to appellant’s counsel, and announced its intention to use their testimony. Upon appellant’s objection, the trial court ruled that it would not permit Taylor or White to testify unless and until the defense had an opportunity to determine what these witnesses would say, and unless defense counsel felt prepared to counter their testimony.
The record does not reflect that the conditions imposed by the trial court were satisfied. Nevertheless, when Taylor and White were called by the state as rebuttal witnesses, the trial court permitted them to testify, over appellant’s objection, about appellant’s post-arrest statements. In overruling appellant’s objection, the trial court stated that the rule (presumably the rule announced in Richardson v. State, 246 So.2d 771 (Fla.1971)) “does not apply to rebuttal witnesses.” [1]
On appeal the appellant argues that the trial court erred in not holding a Richardson hearing, which is per se reversible error. Brown v. State, 515 So.2d 211 (Fla.1987). However, because the trial court initially ruled that Taylor and White would not be permitted to testify regarding appellant’s post-arrest statement, unless the defense was satisfied as indicated, we view the issue as whether the trial court erred in not adhering to that ruling during the state’s case on rebuttal. Because there is no rebuttal or impeachment exception to the Richardson rule, Smith v. State, 500 So.2d 125 (Fla.1986), we find that the lower court erred when it receded from its earlier ruling. Based on this error, appellant is entitled to a new trial.
Turning to the issue of whether the trial court erred in giving a flight instruction, we note that the supreme court has recently ruled in Fenelon v. State, 594 So.2d 292 (Fla.1992), that while evidence of a defendant’s flight from police may be admitted at trial, a trial court should refrain from commenting on such evidence. In Keys v. State, 606 So.2d 669 (Fla.1992), we retroactively applied the Fenelon rule to cases pending on direct review or which were not final at the time the new rule was announced. Accordingly, on remand, a flight instruction is not to be given.
We note that the sentencing hearing transcript reflects that the trial court was under the impression that appellant had been previously convicted of aggravated assault. However, appellant’s presentence investigation report indicates that this offense was not prosecuted. On remand, any misapprehension in this regard may be remedied.
We find the remaining issues raised by appellant to be without merit. Accordingly, appellant’s judgment of conviction is REVERSED and his sentence is VACATED, and the cause is REMANDED for a new trial.
WIGGINTON and WOLF, JJ., concur.

. It should be noted that the arresting officer, Forster, gave testimony regarding the post-arrest statement at issue. Appellant denied making such a statement during his testimony at trial. On rebuttal, the state sought to introduce the testimony of Taylor and White to impeach appellant’s testimony, thereby bolstering the state's side of the “swearing match.” Thus, while a harmless error analysis appears inapplicable in any event, see Cumbie v. State, 345 So.2d 1061 (Fla.1977), we do not find the error harmless.