PER CURIAM.
The appellant appeals from his conviction for robbery, asserting that (1) there was an improper joinder of offenses and defendants; (2) the evidence presented by the appellee was insufficient to prove that the appellant intended to commit robbery; and (3) the trial court erred in giving a flight instruction. We conclude that the improper joinder issue was not preserved. While the evidence of the appellant’s intent was far from overwhelming, we conclude that it was sufficient for submission of the issue to the jury. The trial court erred, however, in giving a flight instruction. See Fenelon v. State, 594 So.2d 292 (Fla.1992).
Although Fenelon had not been decided when this case was tried, its holding must be applied to this case because the flight issue was preserved at trial and Fen-elon was decided during the time that the appellant’s conviction was pending direct appellate review. See Smith v. State, 598 So.2d 1063 (Fla.1992); Kelvin v. State, 610 So.2d 1359 (Fla. 1st DCA 1992); Keys v. State, 606 So.2d 669 (Fla. 1st DCA 1992).
Upon a review of the record in this case, we are unable to conclude that the improper flight instruction was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, the appellant’s conviction is reversed and this cause is remanded for a new trial.
MINER and ALLEN, JJ., concur.
BOOTH, J., concurs in part and dissents in part.