SHIVERS, Senior Judge.
Appellant appeals his convictions, after jury trial, of false imprisonment with a firearm, aggravated assault with a firearm, and sexual battery with a deadly weapon. We reverse and remand for a new trial.
Appellant asserts that the trial court erred in admitting, over objection, the examining physician’s hearsay testimony[1] as to details of the crime as described to him by the victim. We agree that those portions of his statement regarding her comments which were not reasonably pertinent to his medical treatment[2] of her are inadmissible. See Conley v. State, 620 So.2d 180 (Fla.1993). Since the victim’s testimony in this case constituted the primary direct evidence against appellant, we cannot conclude that the jurors might not have weighed her testimony differently without the inadmissible hearsay corroboration by the doctor. Thus, as in Conley, we cannot, declare this error harmless.
Upon retrial, we suggest that the trial court not give the flight instruction to the jury. Fenelon v. State, 594 So.2d 292 (Fla.1992). We find the remaining points raised by appellant to be without merit.
REVERSED and REMANDED for a new trial.
*329 ERVIN, J., concurs.
WOLF, J., dissents.

. Specifically, the doctor testified as follows:
A. Briefly she stated that after driving an acquaintance to Jacksonville from the home in Green Cove Springs that this person with whom she was acquainted produced a sawed off shotgun threatening her with the shotgun. She alleged that she was compelled to drive back to Green Cove Springs where the person threatened I believe her cousin according to my notes. Still in retention of the shotgun it is alleged this acquaintance then compelled her to drive back to Jacksonville and in remote location compelled her to undergo sexual intercourse without her consent vaginally.
After that point he is alleged to have used the shotgun to have shot out some of the car windows prior to basically releasing her and going on his way.

. The only portion of her declaration to the doctor that was reasonably pertinent to medical treatment in this case was her statement that she was compelled to undergo vaginal sexual intercourse without her consent.