641 So.2d 355 (1994)
Thomas Anthony WYATT, Appellant,
v.
STATE of Florida, Appellee.
No. 79245.
Supreme Court of Florida.
May 5, 1994.
Rehearings Denied June 30, and August 31, 1994.
*357 Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Martell, Tallahassee, and Celia A. Terenzio, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
Thomas Wyatt appeals his conviction for first-degree murder and his sentence of death. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Wyatt and Michael Lovette escaped from a North Carolina road gang on May 13, 1988. The pair then set out on a crime spree throughout Florida.[1] On May 19, 1988, Cathy Nydegger was at a bar near Tampa where she was seen talking to and playing the "skill crane" with Wyatt. They left together carrying several stuffed animals they had won. Wyatt returned to the bar ten or fifteen minutes later and left again with Michael Lovette. Nydegger's body was found the next day in a ditch in a deserted area in Indian River County. She had been shot once in the head.
The day Nydegger's body was found, Wyatt checked into a motel in Clearwater using an assumed name. He arrived at the motel in Nydegger's car, which he abandoned a few days later. While at the motel, Wyatt met Freddie Fox and gave him some bullets matching the fatal bullet. Fox also took a gun from Wyatt with rifling characteristics similar to those of the gun used to kill Nydegger. Wyatt was later arrested in South Carolina on an unrelated charge. While in jail, he told Patrick McCoombs, another inmate, that he had killed Nydegger. At trial, Wyatt denied killing Nydegger and blamed the murder on Lovette. He admitted to twenty-one prior felony convictions.
*358 Wyatt was convicted of the first-degree murder of Nydegger. The jury recommended the death penalty by a vote of eleven to one. The judge followed the recommendation and sentenced Wyatt to death. The judge found five aggravating factors[2] and no statutory mitigating factors. As a nonstatutory mitigator, the court found that in his early youth, Wyatt had lived in a broken and unstable home provided by his stepfather while his mentally ill mother was in and out of mental hospitals.
Wyatt makes numerous claims regarding the guilt phase of his trial. He first argues that the trial court improperly instructed the jury on flight in light of this Court's opinion in Fenelon v. State, 594 So.2d 292 (Fla. 1992), in which we held that the jury instruction on flight shall not be given. However, our ruling on the flight instruction in Fenelon had prospective application only. Taylor v. State, 630 So.2d 1038 (Fla. 1993). Because Wyatt's trial preceded our decision in Fenelon, there is no merit in this contention.
Wyatt next argues that the State's cross-examination of Wyatt was improper because the State called upon Wyatt to comment on the veracity of various State witnesses. However, defense counsel did not object to most of the questions asked of Wyatt about which Wyatt now complains. As to those questions, this claim is procedurally barred. On two occasions, proper objections were made to questions regarding the veracity of Jennifer Oler, and these objections were erroneously overruled. Boatright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984). However, we find the error to be harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Wyatt also claims error in the admission of certain character evidence. Officer Robinson testified that after he arrested Wyatt in South Carolina, Wyatt told him he was glad he did not have a gun when he got stopped, otherwise he would have shot the officer. The trial court properly admitted this testimony as evidence of flight. Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981).[3] Another law enforcement officer from South Carolina testified that while Wyatt was in jail, he stated that his alter ego, "Jim," had gone crazy in Florida and that "Jim" had hurt many people. This issue is procedurally barred because no objection was made at trial to the testimony. See, e.g., Vaught v. State, 410 So.2d 147 (Fla. 1982). The State also asked questions of Patrick McCoombs, a fellow inmate of Wyatt's, about the term "convict code." Wyatt complains that these questions about McCoombs' adherence to the convict code implied that Wyatt also lived by a convict code of manipulating the system. Wyatt's claim has no merit. A review of the record shows that references to the convict code were not used to infer bad character but rather to show that convicts usually do not testify against other convicts.
Over defense objection, a State witness testified that on one occasion Wyatt hit someone over the head with a bottle. The State also presented testimony that Wyatt feigned a conversion to Christianity. While the trial court's admission of the testimony on these two issues was error, we find the error to be harmless beyond a reasonable doubt. DiGuilio, 491 So.2d at 1129.
Wyatt also contends that the prosecutor's closing argument included several impermissible comments on the evidence. Because *359 there were no objections to the subject remarks, the issue has been waived for appeal. See Waterhouse v. State, 596 So.2d 1008 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 418, 121 L.Ed.2d 341 (1992). Although Wyatt argues that the comments constitute fundamental error, a review of the record shows that the prosecutor's comments in the guilt phase closing argument did not violate Wyatt's right to a fair trial and do not amount to fundamental error. Therefore, defense counsel's failure to preserve the issue for appeal renders the issue procedurally barred. Crump v. State, 622 So.2d 963 (Fla. 1993); Davis v. State, 461 So.2d 67 (Fla. 1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985).
We deny without comment Wyatt's remaining guilt-phase claims because they have no merit.[4]
We now turn to the penalty phase of the trial. Wyatt argues that the trial court erred in finding the murder was committed while Wyatt was involved in the robbery of Nydegger's vehicle. However, there is ample evidence in the record to support this finding. Wyatt was seen leaving the bar with Nydegger and admits to being in her car. On the day Nydegger's body was found, Wyatt was seen driving her car and later abandoned it in a parking lot. The trial court did not err in finding that the murder was committed during the course of a robbery.
Wyatt also argues that the trial court incorrectly found the existence of the avoidance of arrest aggravating circumstance. We agree. In finding this circumstance, the trial court relied on the testimony of Patrick McCoombs and stated in the sentencing order "[d]efendant, in relating to his cell mate in South Carolina in great detail concerning this killing, said that the victim was killed so that there could be no identification later." We find no such evidence in the record. McCoombs testified that Wyatt told him he killed Nydegger "to see her die." Although testimony was presented that Wyatt told McCoombs that he killed three people at a Domino's Pizza store to eliminate any witnesses, it cannot automatically be inferred that the same motive still existed when Wyatt encountered Nydegger. Accordingly, we find that this factor was not proven beyond a reasonable doubt.
Wyatt next contends that the trial court erred in finding the existence of the cold, calculated, and premeditated aggravating circumstance. We also agree. The trial court found that the gunshot wound to the top of Nydegger's head was consistent with an execution-style killing. However, proof of the cold, calculated, and premeditated circumstance requires evidence of calculation prior to the murder, i.e., a careful plan or prearranged design to kill. Capehart v. State, 583 So.2d 1009, 1015 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 955, 117 L.Ed.2d 122 (1992); Holton v. State, 573 So.2d 284, 292 (Fla. 1990), cert. denied, 500 U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). There is insufficient evidence in the record to justify the level of premeditation required for a finding of this circumstance.
We reject Wyatt's claims that the trial court did not properly consider or weigh all the mitigating evidence presented by the defense. It is well established that the decision regarding whether or not a mitigating circumstance has been established is within the trial court's discretion. Preston v. State, 607 So.2d 404 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993). In the instant case, the trial court's determination regarding the establishment and weighing of the mitigating factors is supported by competent and substantial evidence.
*360 Wyatt's next argument, regarding alleged errors in the penalty-phase jury instructions, also fails. With one exception, there was no objection to these instructions, and thus, these claims are not preserved for appeal. Even if objections had been made, Wyatt's claims would have no merit. He did object to the instruction on the aggravating circumstance that the crime was especially heinous, atrocious, or cruel on the ground that the evidence did not support the instruction. The instruction given on this aggravating circumstance was that which is found in the current Florida Standard Jury Instructions in Criminal Cases rather than the one found wanting in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). We need not decide whether the evidence would support this aggravating circumstance because the jury was properly instructed and the trial judge did not find the existence of this aggravating circumstance. Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Johnson v. Singletary, 612 So.2d 575 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 2049, 123 L.Ed.2d 667 (1993).
Wyatt also contends that the State presented improper hearsay testimony of several police officers concerning Wyatt's prior violent felonies which violated his constitutional right to confront his accusers. While Wyatt's counsel objected to the testimony regarding the prior felonies based on its inflammatory nature, no objection was made at trial to the testimony on the basis of hearsay. Therefore, this point was not preserved for appeal. In any event, hearsay evidence of this nature is admissible in the penalty phase. Waterhouse, 596 So.2d at 1115. Wyatt further argues that, over objection, the State was improperly allowed to use photographs of victims of the prior violent crimes and such evidence was cumulative and prejudiced the defense. However, the trial court has discretion to admit relevant photographic evidence. Thompson v. State, 565 So.2d 1311, 1314 (Fla. 1990). We do not find that the trial court abused its discretion in admitting the photographs in question.
Wyatt also argues that the trial court committed error in allowing the prosecutor to make several improper comments during the penalty phase closing argument. There were no objections to the comments in question. After carefully reviewing the prosecutor's comments in the context of the argument as a whole, we conclude that these comments were not so prejudicial as to taint the jury's recommendation of death. Because the remarks do not constitute fundamental error, we find that the defense counsel's failure to preserve the issue for appeal precludes review. See, e.g., Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
Finally, we reject without discussion Wyatt's arguments that the death penalty is unconstitutional and that the manner of selecting judges in Florida creates a system that is racially discriminatory.
Although we agree with Wyatt that the evidence is insufficient to support two of the aggravating factors found by the trial court, we nevertheless find that the elimination of these two factors was harmless error beyond a reasonable doubt. The three remaining aggravating factors far outweigh the minimal mitigating evidence. Hamblen v. State, 527 So.2d 800 (Fla. 1988); Bassett v. State, 449 So.2d 803 (Fla. 1984). The fact that Wyatt was an escaped prisoner who had been convicted of robbery and kidnapping were strong aggravators. Moreover, the jury was properly instructed, and it cannot be presumed that the jury found the existence of aggravating factors not supported by the record. Sochor. Accordingly, we affirm Wyatt's conviction for first-degree murder and his sentence of death.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] According to evidence presented at the guilt and penalty phases of the trial, Wyatt and Lovette: kidnapped and robbed someone on their way to Florida; stole a car in Jacksonville and later burned it in Indian River County; robbed a Taco Bell in Daytona Beach; and killed three Domino's Pizza employees with Wyatt committing sexual battery on one of them. Also, Wyatt stole a car in Madeira Beach.
[2] The trial court found that the following aggravating circumstances existed: (1) Wyatt was under a sentence of imprisonment at the time of the murder; (2) Wyatt had previously been convicted of violent felonies; (3) the murder was committed during the course of a robbery; (4) the murder was committed for the purpose of avoiding arrest; (5) the murder was committed for pecuniary gain; and (6) the murder was cold, calculated, and premeditated. The court merged factors three and five and weighed them together.
[3] In Straight, this Court held:

When a suspected person in any manner attempts to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indications after the fact of a desire to evade prosecution, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstance.
[4] Wyatt also argues that: (1) defense was precluded from conducting relevant and timely discovery because State witness Jennifer Oler was not required to identify her drug supplier; (2) the trial court improperly prevented the defense from asking the venire under what circumstances they would vote to impose the death penalty; (3) the trial court erred in admitting an autopsy photograph of Nydegger; (4) the trial court improperly sustained the State's objection to the questioning of the manager of a motel in Clearwater about whether Freddie Fox was intoxicated while he lived at the motel; (5) the trial court improperly terminated the cross-examination of Fox and made improper remarks during the cross-examination of Wyatt; and (6) the standard reasonable doubt instruction is unconstitutional.