711 So.2d 218 (1998)
Howard M. CURRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-287.
District Court of Appeal of Florida, Fifth District.
May 22, 1998.
*219 James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, Chief Judge.
Appellant seeks review of his conviction for the crime of dealing in stolen property. He contends that the jury was improperly instructed. We affirm.
During the charge conference below, appellant properly objected to the giving of a proposed jury instruction concerning the inference to be drawn from the possession of recently stolen property. Section 812.022(2), Florida Statutes (1997), the model for the proposed jury instruction, provides:
Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
The appellant objected below to the giving of the instruction solely on the basis that the instruction was not contained within the standard instructions for "dealing in stolen property"; rather, it only appeared following the standard instruction on theft. On appeal, the question is more broadly stated to be one of due process, i.e. that a comment on the evidence contained in a jury instruction violates due process. Appellant relies on the case of Fenelon v. State, 594 So.2d 292 (Fla.1992), for the proposition that any jury instruction that comments on the evidence or indicates what inferences may be drawn from it, is an impermissible invasion of the province of the jury. See, 594 So.2d at 294. Appellant further relies on Boyde v. California, 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), for the proposition that this instruction creates an impermissible "mandatory presumption." Francis v. Franklin, 471 U.S. 307, 316, 105 S.Ct. 1965, 1972, 85 L.Ed.2d 344 (1985).
The state urges on appeal that appellant's failure to raise these issues below precludes their consideration on appeal. Further, the state urges that the issue presented was already decided by the Florida supreme court in State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969), when the court found a similar instruction to be constitutional. Finally, the state urges that the challenged instruction does not lead the jury to the conclusion that they must find the appellant guilty if the state proves possession of stolen goods.
We conclude that the giving of the instruction did not constitute reversible error. In the first place, an objection that would bring this issue to the lower court for its ruling was not made. This plainly is not the kind of error that would rise to the level of fundamental error. Also, the challenged instruction is contained in the standard criminal jury instructions under the heading "Theft and Dealing in Stolen Property." While it appears that there is a certain consonance between the appellant's attack on this "possession of recently stolen property" instruction and the "flight" instruction invalidated in Fenelon, there are important differences. First of all, the instruction involved in Fenelon was not part of the standard jury instructions *220 and, in fact, had been eliminated from the standard jury instructions. Also, in Fenelon, the court found great difficulty inherent in attempting to decide when "fleeing" actually indicated consciousness of guilt and even what the word "flight" meant. This is not a problem in the case before us. "Possession of recently stolen property" has a clear meaning and, as illustrated by the facts of this case, this is not a difficult standard to apply. Concededly, the requirement of a "satisfactory explanation" is somewhat subjective, but, in this case, there was no explanation, satisfactory or otherwise, for the appellant's possession of the recently stolen items of jewelry.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.