HAWKES, J.
During cross-examination of the arresting officer, Appellant attempted to elicit testimony as to the contents of his statement at the scene of his arrest. According to the proffered testimony, Appellant told the arresting officer the currency in his possession came from a paycheck he had cashed earlier that day. The trial court excluded the statement after the State objected, arguing it was self-serving hearsay. We affirm.
Appellant concedes the statement was self-serving hearsay and that the rule of completeness does not apply. See Cotton v. State, 763 So.2d 437 (Fla. 4th DCA 2000) (holding rule of completeness, also referred to as doctrine of curative admissibility, entitles defendant to admit exculpatory portions of his statement when a state witness has testified about incriminating remarks contemporaneously made by the defendant). However, he argues that suppressing the statement violated due process because the court then instructed the jury that it could infer guilt from the unexplained possession of recently stolen property when, in fact, there was an explanation. We need not reach the merits of Appellant’s argument because the suppressed statement did not attempt to explain possession of the victim’s recently stolen currency. Instead, it was a statement that the currency found in his possession was not the currency that was recently stolen. The victim’s purse was stolen just minutes before Appellant gave his statement to the arresting officer. Thus, if the currency found in Appellant’s possession was the same as the currency stolen from the victim just minutes before, Appellant could not have obtained it earlier that day when he cashed his paycheck. *377 Because the statement was a denial that the currency was stolen, it could not be offered to explain why Appellant possessed recently stolen currency.
Appellant also argues that, in any case in which the unexplained possession of recently stolen property jury instruction is given, it constitutes an impermissible comment on the evidence. We decline to address this issue because it was not preserved, and it does not constitute fundamental error. See Currington v. State, 711 So.2d 218 (Fla. 5th DCA 1998); see also Wright v. State, 789 So.2d 1246 (Fla. 1st DCA 2001), review denied, 816 So.2d 131 (Fla.2002).
AFFIRMED.
VAN NORTWICK and LEWIS, JJ., CONCUR.