[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13399
Non-Argument Calendar

_____

D. C. Docket No. 04-00117-CV-J-32MCR

CEDRIC JONES,

Petitioner-Appellant,

versus

JAMES MCDONOUGH,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 24, 2007)

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Cedric Jones ("Jones"), a Florida state prisoner proceeding through counsel, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court granted a certificate of appealability as to "whether trial counsel's performance was deficient for failing to object to a jury instruction concerning efforts to evade prosecution." On appeal, Jones argues that his counsel's failure to rely upon *Fenelon v. State*, 594 So. 2d 292 (Fla. 1992) (holding that a jury instruction on consciousness of guilt based on evidence of flight was an impermissible judicial comment on the evidence), while objecting to a special jury instruction on subornation of perjury, constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Jones argues that he has satisfied the *Strickland* standard because his counsel's performance was deficient, and there is a reasonable probability that preservation of the *Fenelon* issue would have resulted in a new trial on appeal. He argues that the district court unreasonably applied the *Strickland* standard.

We review *de novo* a district court's denial of a § 2254 habeas corpus petition. *Conklin v. Schofield*, 366 F.3d 1191, 1199 (11th Cir. 2004). Where a claim was adjudicated on the merits in state court, federal courts may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

2

Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

As we explained in *Putman v. Head*, "[t]he 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions."  268 F.3d 1223, 1241 (11th Cir. 2001).

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
> . . .
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. . . . [or] unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.

*Id.* (citation omitted).

In deciding whether the state court applied federal law in an unreasonable manner, we consider whether the state court's application was objectively unreasonable.  *Wellington v. Moore*, 314 F.3d 1256, 1261 (11th Cir. 2002).  "[A] federal habeas court may not issue the writ under the reasonable application clause simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v.*

3

*Taylor*, 529 U.S. 362, 411 120 S. Ct. 1495, 1522 (2000).

In addition, state courts need not explain their merits rulings to qualify for deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002). "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion." *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). "Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)." *Herring v. Sec'y for the Dep't of Corr.*, 397 F.3d 1338, 1347 (11th Cir.), *cert denied*, 126 S. Ct. 171 (2005).

When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman*, 268 F.3d at 1243. We are highly deferential in reviewing counsel's performance, and must utilize the strong presumption that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was

4

unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315.

Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. 2068. We have noted that in the context of requests for habeas relief predicated upon ineffective assistance of counsel by state prisoners, the petitioner must do more than satisfy the *Strickland* standard. *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004). The petitioner must also show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* (citing *Bell v. Cone*, 535 U.S. 685, 699, 122 S. Ct. 1843, 1852 (2002).

We have held that reasonably effective representation does not include a requirement to make arguments based on predictions of how the law might develop. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance. *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991).

As an initial matter, the state court decision is entitled to deference under the AEDPA because it was an adjudication on the merits. Despite the state trial court's

lack of an explanatory opinion, Jones identified *Strickland* as the controlling law governing ineffective assistance of counsel claims before the court, and the court acknowledged considering and reviewing Jones's claims. Thus, the state court's decision was not contrary to *Strickland*.

Moreover, the state trial court's decision was not an objectively unreasonable application of clearly established federal law. The trial transcript shows that Jones's counsel did object to the special jury instruction. Thus, Jones's sole contention is that the objection was not specific enough because his trial counsel did not explicitly rely upon the rule in *Fenelon*. However, Jones admits that no Florida appellate case has extended the *Fenelon* restriction on jury instructions with respect to evidence of flight to a case that involves evidence of subornation. Accordingly, it cannot be said that the state trial court's decision was an objectively unreasonable application of *Strickland* when it found that the failure to argue the *Fenelon* restriction on jury instructions respecting flight did not constitute ineffective assistance when objecting to a subornation instruction. Therefore, it is unnecessary to address the second prong of *Strickland*, namely whether Jones's counsel's conduct prejudiced his defense, because Jones did not establish that his counsel was deficient under the first prong of *Strickland*.

The state court's decision denying Jones's post-conviction motion was

6

neither contrary to, nor an unreasonable application of, clearly established federal law, and the district court did not err in denying habeas relief.

**AFFIRMED.**