691 So.2d 1192 (1997)
Cedric COUNCIL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0999.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
*1193 Ruth M Martinez of Ruth M. Martinez, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Joseph A. Tringali, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, CAROLE Y., Associate Judge.
Defendant, Cedric Council, appeals his conviction and sentence for armed robbery. After carefully reviewing the issues upon which the challenge to his conviction is based, we conclude that only one issue merits discussion. The defendant contends that the trial court erred in admitting into evidence a gun found under his mattress during a search incident to his arrest. Defendant argues that the state failed to establish the gun's relevancy and used it merely to convey to the jury his bad character and propensity to commit crimes.
Briefly stated, this case involved the robbery of a doctor's office. The assailant entered the doctor's office during business hours purportedly seeking treatment for his thumb. After the front desk attendants examined his thumb and found no visible signs *1194 of injury, they sensed a ruse and asked him to leave. He insisted on seeing a non-existent "Nurse Cooper" and refused to leave. He then produced a gun from his waist area, threatened several of the employees with the gun and chased them throughout the office area. When he encountered the office manager, he pointed the gun at her, demanded money, and took two hundred and forty dollars lying on the counter. After fleeing from the office building, he spotted one of the employees hiding behind a bush in the parking area. He pressed the gun to her temple, told her she was lucky that he did not blow off her head, and then left the area by jumping over a fence.
Approximately three weeks after the robbery, investigating police officers found the defendant sleeping in the bedroom of a rooming house and arrested him. They seized a gun they discovered between the mattress and box springs of his bed. The gun was admitted into evidence at trial over the defendant's relevancy objection. Essentially, the defendant argues in this appeal that there was no nexus shown between the seized gun and the robbery weapon, since the gun admitted at trial did not perfectly match the witnesses' description of the gun, and because the witnesses never identified the gun as the robbery weapon.
A trial court has wide discretion concerning the admissibility of evidence, and a ruling on admissibility will not be disturbed unless there has been an abuse of discretion. Jent v. State, 408 So.2d 1024 (Fla.1981) cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). The test for admissibility of evidence is relevance. Generally, any facts relevant to prove a fact in issue are admissible unless admission is precluded by a specific rule.
At trial, several witnesses gave descriptions of the gun used in the robbery. Although there were some discrepancies between their descriptions of the gun observed at the scene and the gun found under the defendant's mattress, there were also many similarities. Both weapons were silver-colored handguns, small-caliber revolvers, with dark handles. These common characteristics were sufficient to establish the gun's probative value on issues material to the case. It was for the jury to consider the physical evidence, in relation to the testimony, and to determine what weight to give such evidence.
Moreover, contrary to the defendant's assertion, the fact that the state failed to display the gun to the witnesses and elicit testimony from them concerning whether the gun admitted was actually the robbery weapon used, or even had similar characteristics, is not determinative on the issue of admissibility. Such testimony was not necessary to establish the gun's probative value.
In Herman v. State, 396 So.2d 222 (Fla. 4th DCA 1981) cert. dismissed, 402 So.2d 610 (Fla.1981), the state's expert testified that he was unable to say one way or another whether the shotgun admitted at trial was the murder weapon. Testimony showed only that the defendant's shotgun was of the same caliber as the shell casings found at the murder scene. Nonetheless, our court held that the matching caliber was a circumstance of some probative value, stating:
The expert's testimony that he could not say one way or the other whether the shotgun admitted was the murder weapon, was not conclusive or binding on the jury which was free to determine credibility and weight to be ascribed.... Under those circumstances, the jury would be entitled to consider the shotgun and give whatever weight was due in light of the expert's testimony.
Clearly, in the case sub judice, the witnesses' testimony indicating a significant match between the robbery weapon and the defendant's weapon established an even stronger connection between the two guns at issue than that shown in Herman. The jury was entitled to consider this physical evidence, along with other relevant evidence, in its determination of the defendant's guilt or innocence.
The cases relied upon by the defendant in support of his argument that the gun should not have been admitted are distinguishable from the instant case. In Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987), Huhn was alleged to have committed kidnapping and *1195 assault with a variety of weapons, including guns, none of which were described by the victim. When Huhn was arrested several months later, a gun and its purchase receipt were found in the glove compartment of his car. Our court determined that the trial court erred in allowing the state to introduce into evidence the gun and gun purchase records when there was no connection made between the gun and the offenses charged.
Similarly, in Rigdon v. State, 621 So.2d 475 (Fla. 4th DCA 1993), we reversed the defendant's conviction for aggravated assault with a firearm upon our finding that the trial court erred in admitting a small semi-automatic weapon found upon the defendant's bed. In that case, we ruled that the gun did not tend to prove or disprove a material fact because it had been given no connection whatsoever to the charged offense.
Sosa v. State, 639 So.2d 173 (Fla. 3d DCA 1994), cited by the defendant, is also distinguishable from the facts of this case. In Sosa, the defendant was charged with firing a handgun at the victim's car while traveling on the road. The victim was able to give a description of his assailant and his car, but he could not describe the gun. The appellate court agreed with the defendant that the trial court erred in allowing bullets, which were found in his vehicle, to be placed into evidence, since no weapon was found, no ballistics tests were performed and no link whatsoever established between the bullets and the defendant's case. Furthermore, a police officer testified at trial that because of caliber differences, the bullets seized from the defendant's car could not have been fired in the gun that was fired at the victim.
Defendant further argues that even if the gun was relevant, its prejudicial impact outweighed any probative value under § 90.403, Fla. Stat (1983). He characterizes the gun testimony as "Williams Rule" evidence and contends that the State used such evidence solely to suggest defendant's bad character and propensity to commit other crimes. Assuming arguendo that evidence of defendant's mere possession of a gun constituted "collateral crimes" evidence, such evidence was admissible if relevant and probative of a material issue other than bad character or propensity. Bryan v. State, 533 So.2d 744, 746 (Fla.1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989). The Florida Evidence Code, § 90.404(2)(a), provides that evidence of other crimes, acts or wrongs is admissible to prove identity. Thus, the identity of a particular individual may be proved circumstantially by other types of evidence which happen to disclose the commission of other crimes. Ehrhardt, Florida Evidence § 404.10 (1995 Edition). See Young v. State, 601 So.2d 636, 638 (Fla. 4th DCA 1992), rev. denied, 613 So.2d 13 (Fla.1992) (no error to admit evidence that defendant had used victim's car in robberies committed during the two days following the robbery being prosecuted).
Here, the gun testimony was useful in establishing the defendant's identity. The victim/witnesses described the gun used to perpetrate the robbery as being very similar to the gun found in the defendant's possession just three weeks following the robbery. Clearly, the gun was relevant as possibly being the robbery weapon used. It served to provide another link in the chain of identification testimony presented at trial. Other identification testimony included positive identifications made by the victim/witnesses, before and during trial, based on their ability to recall the defendant's unique and distinctive physical features. Additionally, the State presented expert fingerprint evidence matching the defendant's fingerprints to latent prints found on a water fountain in the doctor's office. The fingerprint evidence was particularly powerful in refuting the defendant's claim of never having visited the doctor's office and in supporting the testimony of a State witness who saw the defendant drinking from that same water fountain immediately before the robbery.
While the gun evidence may not have been as strong and compelling as the witnesses' identification testimony or the fingerprint evidence, it was nonetheless deserving of the jury's consideration for whatever weight they chose to give it. Moreover, the defendant was free to, and, in fact, did fully cross-examine the witnesses on any differences *1196 between the guns at issue so that the jury could draw its own factual conclusions.
We further reject the defendant's position that the probative value of testimony concerning the gun was substantially outweighed by its prejudicial nature. An examination of the record belies that conclusion and reveals that the gun found in the defendant's possession was not made a "feature" of the trial but was fairly presented as evidence tending to identify the defendant as the perpetrator of the robbery.
Defendant also complains of remarks made by the prosecutor during her closing argument concerning the gun seized from the defendant. However, the defendant failed to timely object to the prosecutor's references to the gun and raises this issue for the first time on appeal. A claim of improper prosecutorial argument is procedurally barred when no contemporaneous objection is made and no fundamental error is present. Kilgore v. State, 22 Fla. L. Weekly S 105 (Fla. March 14, 1997); Bonifay v. State, 680 So.2d 413 (Fla.1996), Gibson v. State, 351 So.2d 948, 950 (Fla.1977), cert, denied, 435 U.S. 1004, 98 S.Ct. 1660, 56 L.Ed.2d 93 (1978); State v. Jones, 204 So.2d 515, 519 (Fla.1967). Here, the prosecutor's remarks about the gun were fair comment upon the evidence presented during the State's case. Viewing the contents of the final argument, as a whole, we are unable to conclude that the prosecutor's remarks constituted fundamental error.
For the reasons discussed above, we affirm the defendant's conviction and sentence in all respects.
POLEN and PARIENTE, JJ., concur.