COPE, C.J.
(specially concurring).
The firearm testimony was properly admitted into evidence. That being so, it is not necessary to reach the issue of harmless error.
The firearm examiner testified that the projectile which struck the victim was .38 caliber. He said that the projectile was probably fired from a revolver, most likely a .38 special or .357 magnum.
Witness Sanchez, a friend of the defendant, testified that several weeks before *1147 the murder, the defendant showed him three guns he owned, a .38, a .22, and a nine millimeter. This testimony was admitted over objection in substance that the weapon was insufficiently tied to the crime, and that the testimony was unfairly prejudicial. The trial court overruled the objection.
The trial court’s ruling was within its discretion. The Fourth District has summarized the rule applicable in this situation as follows:
In Herman v. State, 396 So.2d 222 (Fla. 4th DCA 1981) cert. dismissed, 402 So.2d 610 (Fla.1981), the state’s expert testified that he was unable to say one way or another whether the shotgun admitted at trial was the murder weapon. Testimony showed only that the defendant’s shotgun was of the same caliber as the shell casings found at the murder scene. Nonetheless, our court held that the matching caliber was a circumstance of some probative value, stating:
The expert’s testimony that he could not say one way or the other whether the shotgun admitted was the murder weapon, was not conclusive or binding on the jury which was free to determine credibility and weight to be ascribed .... Under those circumstances, the jury would be entitled to consider the shotgun and give whatever weight was due in light of the expert’s testimony.
Council v. State, 691 So.2d 1192, 1194 (Fla. 4th DCA 1997); see also United States v. Gandolfo, 577 F.2d 955, 959 (5th Cir.1978).
The majority opinion suggests that the decision in O’Connor v. State, 835 So.2d 1226, 1230-31 (Fla. 4th DCA 2003), is to the contrary, but it is not. In O’Connor, the murder weapon was a nine millimeter handgun. The State introduced a photograph of a shotgun found in O’Connor’s room, even though the victim had been shot by a handgun, not a shotgun. In O’Connor the introduction of the photograph of the shotgun was error, because there was no evidence indicating that the shotgun had been used in the crime. In the present case, by contrast, the murder weapon was either a .38 or .357 revolver, and the defendant owned a .38 at the relevant time. I concur with the disposition of the jury instruction issue.