DAMOORGIAN, J.
In this consolidated appeal, Brandon Holloway appeals his judgment and sentence for first degree murder and violation of probation.[1] We affirm.
Holloway argues that the trial court erred by: (1) denying his motion for judgment of acquittal on the murder charge; (2) admitting a witness’s statement as past recollection recorded; (3) admitting a box of ammunition found in Holloway’s home; (4) admitting Holloway’s statement to police without redacting statements made by the interrogating officer; and (5) taking judicial notice of the fact that Holloway was on probation. Concluding that none of these claims have merit, we write only to address the admission of the box of ammunition.
“The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence.” Tengbergen v. State, 9 So.3d 729, 736 (Fla. 4th DCA 2009). Appellant argues that the court erred when it allowed the State to introduce evidence that a half box of .32 caliber bullets was found in Holloway’s home because the evidence was irrelevant and prejudicial.
*297 “Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401 Fla. Stat. (2009). Generally speaking, evidence that a defendant was in possession of a gun or ammunition is admissible so long as it is sufficiently tied to the crime charged. For example, in Herman v. State, 896 So.2d 222, 229 (Fla. 4th DCA 1981), we considered the trial court’s decision to admit evidence that the defendant in a murder case — where the victim was killed with a shotgun — owned a shotgun. The defendant’s shotgun was the same caliber as the shell casings found at the scene of the murder, but a ballistics expert testified that he could not say one way or the other whether the shotgun was the murder weapon. Id. We held that the evidence was relevant and admissible, reasoning:
The matching caliber was a circumstance of some probative value. The expert’s testimony that he could not say one way or the other whether the shotgun admitted was the murder weapon, was not conclusive or binding on the jury which was free to determine credibility and weight to be ascribed. Under those circumstances, the jury would be entitled to consider the shotgun and give whatever weight was due in light of the expert’s testimony.
Id. (internal citations omitted). See also Delhall v. State, 95 So.3d 134, 155 (Fla.2012) (holding that the trial court did not err admitting evidence of a 9mm cartridge found in a backpack owned by a murder defendant where the victim was shot with 9mm bullets, although not made by the same manufacturer as the cartridge found in the backpack).
Conversely, when the nexus between the weapon or ammunition and the crime is too tenuous, such evidence is generally not relevant. In Cooper v. State, the Third District held that evidence of ammunition found on a murder defendant nine months after the murder which could not be definitively matched to the ammunition used in the murder was too tenuous to the crime to be admissible. 778 So.2d 542, 544 (Fla. 3d DCA 2001). See also Sosa v. State, 639 So.2d 173, 174 (Fla. 3d DCA 1994) (holding that court erred in allowing .380 caliber cartridges found in murder defendant’s vehicle into evidence when there was no evidence connecting them to the crime, especially in light of the fact that the investigating officer testified the bullet holes he discovered were consistent with .22 caliber ammunition).
Here, there was an adequate nexus between the ammunition found in Holloway’s home and the crime to establish relevancy. The bullets found were the same caliber and material as those used to kill the victim. This in itself is probative. Herman, 396 So.2d at 229. Further, the bullets were for a revolver or pistol, and the evidence established that the murder weapon was most likely a revolver. Finally, unlike Cooper, where the evidence was not discovered until nine months after the murder, here the bullets were found on the day of the murder. 778 So.2d at 544. These facts created a sufficient nexus to the crime to establish relevance.
Holloway relies on the fact that the ballistics expert could not definitively state that the bullets found in the victim came from the case of bullets found in his home. However, as we held in Herman, this went to the weight of the evidence, not its relevancy. 396 So.2d at 229. Accordingly, the trial court properly admitted evidence of the ammunition found in Holloway’s home.

Affirmed.

STEVENSON and CONNER, JJ., concur.

. At the time of his trial, Holloway was on probation for an unrelated offense. Accordingly, the court found that by committing murder, Holloway violated his probation.