WALLIS, J.
Appellant, Timothy M. Gartner, challenges his conviction of robbery with a deadly weapon, under section 812.13(2)(a), Florida Statutes (2007), arguing that the trial court erred by: (1) admitting a BB gun into evidence without a sufficient nexus between the BB gun and the robbery; and (2) denying his motion for judgment of acquittal. We affirm.
On December 17, 2007, a man walked into a gas station and demanded the attendant, Danielle Smith, give him money. Ms. Smith originally thought the man was joking, which triggered the man to lift his shirt and expose the handle of a black gun in his waistband. Ms. Smith with the robber’s demand, and he escaped with the money. Though Ms. Smith initially misidentified another man as the robber, she later identified Appellant, in a photo pack and at trial, as the robber.
During the robbery investigation, Detective Philip Lakin determined that Appellant was a suspect based on the surveillance video of the robbery and Appellant’s fingerprints found at the scene of the crime. Two days after the robbery, Detective Lakin observed Appellant outside of a bar, wearing a similar shirt, necklace, hat, and watch as the robber in the surveillance video. As Detective Lakin approached Appellant’s vehicle, he saw part of a black pistol, later identified as a BB gun, under the driver’s seat. Officers arrested Appellant and seized the BB gun, a gas cartridge, and ammunition from his vehicle. When Detective Lakin showed Appellant the surveillance photos from the gas station, Appellant acknowledged his presence in the photos, but maintained that the detective had digitally enhanced the photo to include Appellant’s likeness.
At trial, during direct examination of Ms. Smith, the State did not elicit testimony that the BB gun was the exact weapon used during the robbery; however, defense counsel raised the issue on cross-examination attempting to exclude the BB gun as a potential robbery weapon. Defense counsel focused on a distinct characteristic of the BB gun — a wing nut on the butt of the gun. Ms. Smith testified that she did not recall seeing a wing nut on the robber’s gun; however, when she was pressed by defense counsel, she could not unequivocally state that the BB gun was not the robbery weapon. On redirect examination, the State asked Ms. Smith to compare the two weapons, and she testified that the BB gun handle had the same distinct grip and shape as the handle of the gun that Appellant showed her during the robbery. The State then waited until Detective Lakin’s testimony to proffer the BB gun, and defense counsel objected— arguing that the State failed to provide a proper foundation that the BB gun was the gun used during the crime. Defense counsel conceded that the BB gun was relevant, but argued that its probative value was outweighed by the danger of unfair prejudice. The trial court admitted the BB gun into evidence based on Ms. Smith’s testimony that she recognized the characteristics of the weapon’s handle.
At the close of the State’s case, defense counsel motioned for a judgment of acquittal, arguing that the State did not present evidence that Appellant used a deadly weapon during the robbery. The trial court denied the motion, and Appellant was later convicted of robbery with a deadly weapon. Appellant maintains that the trial court erred by admitting the BB gun into evidence and by denying his motion for judgment of acquittal. We disagree.
Generally, this Court reviews a trial court’s admission of evidence under an abuse of discretion standard. Hudson v. State, 992 So.2d 96, 107 (Fla.2008) (citing *276 Williams v. State, 967 So.2d 735, 747-48 (Fla.2007)). The trial court’s discretion, however, is limited by the rules of evidence. Id. (citing Johnston v. State, 863 So.2d 271, 278 (Fla.2003)).
“Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2010). “Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” Id. § 90.403; see also Delhall v. State, 95 So.3d 134, 155 (Fla.2012) (stating general rule of admissibility of relevant evidence). Thus, for the trial court to admit a weapon into evidence, the weapon must be relevant to the alleged crime — evidenced by a sufficient nexus between the crime and weapon. See Jackson v. State, 25 So.3d 518, 528 (Fla.2009) (“In order for this evidence to be relevant, the State must show a sufficient link between the weapon and the crime.”); see also Downs v. State, 65 So.3d 594, 596 (Fla. 4th DCA 2011) (“Generally, where the evidence at trial does not link a seized gun to the crime charged, the gun is inadmissible in evidence.” (citing O’Connor v. State, 835 So.2d 1226, 1231 (Fla. 4th DCA 2003))). Otherwise, the weapon is solely evidence of bad character or propensity to commit the alleged crime, admission of which is an axiomatic error. See Agatheas v. State, 77 So.3d 1232, 1239-40 (Fla.2011).
In determining whether a sufficient nexus exists, the trial court can consider testimony identifying distinct similarities between the weapon used in the crime and the weapon proffered at trial. See, e.g., Council v. State, 691 So.2d 1192, 1194 (Fla. 4th DCA 1997). Likewise, the lapse of time between the crime and the discovery of the proffered evidence may be a considerable factor for the court. Compare Holloway v. State, 114 So.3d 296 (Fla. 4th DCA 2013) (considering temporal separation of one day between crime and seizure of evidence as contributing to sufficient nexus), reh’g denied (June 7, 2013), with Cooper v. State, 778 So.2d 542, 544 (Fla. 3d DCA 2001) (considering temporal separation of nine months between crime and seizure of evidence as significant reason to find connection too tenuous). A sufficient nexus does not, however, require testimony that the proffered weapon is definitively the weapon that was used during the crime. See Holloway, 114 So.3d 296 (citing Herman v. State, 396 So.2d 222, 229 (Fla. 4th DCA 1981)); see also Council, 691 So.2d at 1194 (opining that failure to elicit testimony concerning whether gun admitted was actual robbery weapon is not determinative on admissibility). Indeed, if it is inconclusive that the proffered weapon is the weapon used during the crime but a sufficient nexus exists, it is the jury’s province to determine the credibility and weight of the evidence. See Holloway, 114 So.3d 296 (citing Trolinger v. State, 300 So.2d 310 (Fla. 2d DCA 1974)).
Here, the State proffered the BB gun as evidence tending to prove the material fact that Appellant used the BB gun during the robbery. Thus, it had to show a sufficient nexus between the weapon displayed during the robbery and the BB gun found in Appellant’s vehicle. Ms. Smith testified that she recognized the distinct grips and shape shared by both handles of the pistols, and, when pressed by defense counsel, she was unwilling to testify that the BB gun was not the robbery weapon. In addition, Detective Lakin seized the BB gun from Appellant’s vehicle only two days after the robbery. As such, defense counsel’s attempt to distinguish the weapons, based on the BB gun’s wing nut, made the identification of the BB gun inconclusive but did not make the BB gun inadmissible. *277 Therefore, the trial court did not abuse its discretion by admitting the BB gun into evidence because a sufficient nexus was created, and it was the jury’s province to weigh the physical evidence in relation to the testimony at trial.
Appellant’s argument on his motion for judgment of acquittal is equally unavailing. It is well-settled that whether a weapon is classified as “deadly” is a factual question for the trier of fact. E.g., Dale v. State, 703 So.2d 1045, 1047 (Fla.1997) (holding that whether a BB gun is “likely to produce death or great bodily injury” is question of fact for jury). A jury can conclude that a weapon is either dangerous or deadly if it is implied by the defendant’s words or actions. Santiago v. State, 900 So.2d 710, 711 (Fla. 3d DCA 2005). Ms. Smith’s testimony alone — that Appellant showed her the butt of a gun to effectuate the robbery — is sufficient for the issue to reach the jury. See, e.g., Akins v. State, 838 So.2d 637, 639 (Fla. 5th DCA 2003) (“In the instant case, the victim’s testimony that she thought the weapon was a sawed off shotgun, coupled with Akin’s nonverbal implication that he would use it against the victim, sufficed to support a finding that Akins possessed a firearm during the robbery.”). Accordingly, we affirm Appellant’s judgment and sentence.
AFFIRMED.
ORFINGER and EYANDER, JJ, concur.