DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**RICARDO CASCO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-611

[October 29, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 2008CF004523BMB.

Antony P. Ryan, Regional Counsel, and Melanie L. Casper, Assistant Regional Counsel of Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his convictions for racketeering, conspiracy to commit racketeering, aggravated assault with a firearm, three counts of robbery with a firearm, four counts of kidnapping with a firearm, and his sentences for those crimes. He claims the trial court erred in: (1) admitting evidence of unrelated firearms; (2) denying the motion for judgment of acquittal on the kidnapping charges; and (3) instructing the jury on uncharged predicate offenses. We find no error and affirm.

The State charged the defendant and three others with multiple crimes, alleging that they conspired to commit and committed multiple store robberies from January 1, 2008 until March 20, 2008. The State specifically charged this defendant with the robberies on February 7 and 21, 2008. The predicate offenses for the racketeering charges were the February 7 and 21 and March 11 robberies. The State did not charge the

defendant with the March 11 robbery because it occurred outside the court's jurisdiction. The case proceeded to a jury trial.

The jury found the defendant guilty and the trial court adjudicated so on all counts.[1] The trial court sentenced the defendant at a subsequent hearing. The defendant now appeals.

He first argues the trial court erred in admitting evidence of firearms found in a car occupied by the defendant at the time of his arrest. He suggests the guns were irrelevant and inadmissible because they were not connected to the charged crimes. We disagree.

"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2008). "[F]or evidence of a firearm to be admissible as relevant in a criminal trial, 'the State must show a sufficient link between the weapon and the crime.'" *Agatheas v. State*, 77 So. 3d 1232, 1236 (Fla. 2011) (quoting *Jackson v. State*, 25 So. 3d 518, 528 (Fla. 2009)). However, "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2008).

In *Council v. State*, 691 So. 2d 1192 (Fla. 4th DCA 1997), the defendant robbed a doctor's office using a firearm. *Id.* at 1193. Three weeks later, the police found the defendant sleeping in a house, arrested him, and seized a gun they found in his bed. *Id.* at 1194. The trial court admitted the gun over the defendant's relevancy objection. *Id.* We affirmed the admission of the firearm because there were "many similarities" between the witnesses' descriptions of the firearm and the one seized. *Id.* at 1194–96. The firearm was relevant even though there was no testimony that it was the actual firearm used in the robbery. *Id.*

Here, the State sought to prove that the defendant was guilty of racketeering and conspiracy to commit racketeering. The firearms were found in a vehicle seen at the location of one of the robberies and in which the defendant was a passenger at the time of his arrest. The defendant's DNA was found on one of the firearms; a co-defendant's DNA was found on another. One of the victims testified that one of the firearms matched

---

[1] Regarding the special interrogatory verdict form for Count I, the jury found that the Defendant committed Robbery on one victim, Kidnapping on two victims, and Aggravated Assault on one victim.

2

the description of one used in a robbery. Zip-ties, used to restrain the victims, were found under the seat with the firearms.

The firearms were relevant proof of the conspiracy and racketeering charges and were a "link in the chain of identification testimony." *Id.* at 1195. We find *Agatheas v. State*, 77 So. 3d 1232 (Fla. 2011) and *Green v. State*, 27 So. 3d 731 (Fla. 2d DCA 2010), relied on by the defendant, factually distinguishable.

The defendant next argues that the trial court erred in denying his motion for judgment of acquittal on the kidnapping with a firearm counts. "In reviewing a motion for judgment of acquittal, a de novo standard of review applies." *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). He suggests that the State failed to prove that the confinement satisfied the test in *Faison v. State,* 426 So. 2d 963 (Fla. 1983). Once again, we disagree.

Recently, we affirmed his co-defendant's conviction and sentence on this same issue. *See Castro v. State*, 122 So. 3d 912 (Fla. 4th DCA 2013). In both *Castro* store robberies, the robbers tied the victims' hands behind their backs and did not untie them when they left the stores. *Id.* at 914. Castro argued that his motion for judgment of acquittal should have been granted because his actions did not constitute a kidnapping. *Id.*

We held that the co-defendant's "act of leaving the victims tied up constituted kidnapping. Although the victims were able to rise to their feet, they could not immediately summon help without having someone untie them." *Id.* at 915. The victims' confinement did not end with the robbery. *Id.* For this same reason, the trial court did not err in denying the defendant's motion for judgment of acquittal in this case.

And last, the defendant argues the trial court committed fundamental error and violated his due process rights by instructing the jury on six predicate acts for the racketeering charge when the State charged the defendant with only two predicate offenses. The State responds that no fundamental error occurred because the court instructed the jury properly and the jury's separate finding on each predicate offense ensured due process. We agree with the State. *State v. Weaver*, 957 So. 2d 586 (Fla. 2007) controls.

There, the defendant was charged with battery on a law enforcement officer. *Id.* at 586–87. The information charged the defendant with intentionally touching or striking an officer, and the State only presented evidence on that theory. *Id.* at 587. However, the trial court instructed

the jury, without objection, on that theory and the alternative theory of felony battery by causing great bodily harm to another. *Id.* The defendant was convicted and appealed. *Id.* The Florida Supreme Court held that "[b]ecause bodily harm was never at issue . . . , and the State never argued or presented evidence of bodily harm, the trial court's inclusion of the bodily harm element in the jury instructions did not rise to the level of fundamental error." *Id.* at 589.

Here, the defendant was charged with the two predicate acts necessary to prove the racketeering charge. The trial court included both of the charged crimes on the general verdict form for the racketeering charge. The trial court also included a special interrogatory verdict for the non-charged crime that occurred outside the jurisdiction of the court. These three predicate acts were included in the jury instructions for the racketeering count along with three additional predicate acts for which the defendant was not charged. The jury convicted the defendant of all charged crimes.

Although the State offered evidence of the uncharged predicate acts due to the separate conspiracy count, it is not "impossible to know whether [the defendant] was convicted of the offense with which he was charged . . . or an offense with which he was not charged." *Id.* at 589 (alterations in original) (quoting *Dixon v. State*, 823 So. 2d 792, 794 (Fla. 2d DCA 2001)). Because the trial court was careful to include interrogatories on the verdict form that corresponded to both the charged and uncharged predicate acts, it was clear that the jury found the defendant guilty of three predicate criminal acts when only two were necessary under section 895.02(4), Florida Statutes. There was no error, much less fundamental error.

For these reasons, we affirm.

*Affirmed.*

STEVENSON and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4