Forst, J.
Appellant Steven Orton was convicted of delivery of Methylone and possession of cannabis. He was sentenced to approximately forty-two months in prison. The sole issue on appeal is whether the trial court reversibly erred in allowing testimony concerning typical beliefs of drug dealers. Finding that this issue was not properly preserved below, we are compelled to affirm.
Background
As part of an undercover drug investigation, a Fort Lauderdale detective approached a man at a motel bar and asked where he could get some drugs. The man introduced the detective to Appellant. The detective then asked both men for drugs. Appellant replied that “I’m not going to give you [expletive]. I’m going to give it to [the other man] and he is going to give it to you.” Appellant gave five pills to the other man, who set four down for the detective to pick up in exchange for fifty dollars. Appellant was subsequently arrested and it was determined that the pills were Methylone.
At trial, the detective was questioned as to why Appellant had given the drugs to the other man rather than directly to the purchaser, and whether having an intermediary was common. Before he could answer, Appellant’s counsel objected on the grounds that the question called for speculation. The trial court overruled the objection “on those grounds.” Appellant did not attempt to raise relevancy or any other reason for why the trial court should exclude the evidence. The detective then answered the question by stating that drug dealers typically believe that “if they don’t hand it to you then they are in the free.”
On appeal, Appellant argues that the trial court reversibly erred by allowing testimony concerning the typical beliefs of drug dealers because such testimony was irrelevant. However, as noted above, Appellant failed to object to the testimony on relevancy grounds in the trial court and instead objected only on speculation grounds.
Analysis
“The standard of review for admissibility of evidence is abuse of discretion. However, a trial court’s discretion is limited by the rules of evidence.” Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) (citation omitted); see also Jones v. State, 908 So.2d 615, 620-21 (Fla. 4th DCA 2005) (“Admission of evidence is within the discretion of the trial court and will not be reversed unless there has been a clear abuse of that discretion.” (quoting Ray v. State, 755 So.2d 604, 610 (Fla. 2000))).

A. Preservation of Appellant’s Objection to the Detective’s “Typical Beliefs” Testimony

“Appellate review is ... limited to the specific grounds for objection raised *379 at trial.” Aills v. Boemi, 29 So.3d 1105, 1109 (Fla. 2010) (emphasis added). “[T]o be preserved for appeal, ‘the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.’ ” Chamberlain v. State, 881 So.2d 1087, 1100 (Fla. 2004) (quoting Spann v. State, 857 So.2d 845, 852 (Fla. 2003)). “[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.” Harrell v. State, 894 So.2d 935, 940 (Fla. 2005) (quoting Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982)); see also Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925, 928 (Fla. 2005) (“In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.” (quoting Tillman v. State, 471 So.2d 32, 35 (Fla. 1985))); Castor v. State, 365 So.2d 701, 703 (Fla. 1978) (“[A]n objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal.”); Datus v. State, 126 So.3d 363, 365 (Fla. 4th DCA 2013) (“[A]n objection on relevance grounds only will not preserve an argument of unfair prejudice on appeal.”).
Appellant’s claim that a speculation objection and a relevancy objection are identical is without merit. He relies on Martinez v. State, 125 So.3d 985 (Fla. 4th DCA 2013), to support this proposition, but that case involved an objection on relevancy and a separate objection (later withdrawn) that raised both grounds. Id. at 988. Nowhere in the opinion does this Court suggest that an objection to speculation alone would have also been considered an objection to relevancy. Moreover, such an argument was addressed and rejected by this Court in Jones. In that case, defense counsel objected at trial to a witness’s testimony because it “calls for speculation and conclusion. That’s the jury’s decision to decide what is meant by that.” Jones, 908 So.2d at 621. We held that “the issue is preserved with respect to speculation, but the issue is not preserved with respect to relevance because Jones did not raise that specific argument below.” Id.
Furthermore, Appellant’s argument is unpersuasive because the two objections have their foundations in two separate evi-dentiary statutes. A relevancy objection is rooted in sections 90.401 -402, Florida Statutes, which define relevant evidence and then state that all relevant evidence is admissible unless otherwise excluded. See Martinez, 125 So.3d at 989 (citing section 90.401, Florida Statutes, when describing the merits of the relevance objection). On the other hand, a speculation objection is rooted in section 90.604, Florida Statutes, which requires a witness to have personal knowledge of any matter testified to. See Victorino v. State, 127 So.3d 478, 490 (Fla. 2013) (examining possible ineffective assistance of counsel for failure to object to speculation and relying on section 90.604, Florida Statutes, for the basis of that objection).

B. Any Error in Rejecting the “Speculation" Objection Was, at Most, Harmless

The dissenting opinion notes that “[i]t is undeniable that appellant’s speculation objection was preserved for appellate review.” This is true; however, as discussed above, Appellant’s initial brief did not argue that the trial court erred in overruling his “speculation” objection— Appellant’s arguments on appeal address an objection that was not made below, “relevance.” Although Appellant’s issue *380 statement, quoted by the dissent, may have been able to apply equally well to an appellate argument relating to speculation, this is not the argument actually made. “When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.” Polyglycoat Corp. v. Hirseh Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). “[I]t is not the function of the Court to rebrief an appeal.” Id.
In any case, assuming arguendo that Appellant has not abandoned his argument that the detective’s testimony was “speculative,” we find that, as in Hargrove v. State, 431 So.2d 732, 733 (Fla. 4th DCA 1983), such error was, “on balance,” harmless. See also Armalin v. State, 884 So.2d 458, 460 (Fla. 4th DCA 2004) (holding that police officer’s testimony concerning the “general criminal behavior” of holding pieces of crack cocaine in the dealer’s mouth prior to sale was “inadmissible,” but “not prejudicial in the face of the evidence that the officer bought drugs from [the defendant] that were tested and found to be crack cocaine ... [and] the testimony was not used to defeat a defense or establish an element of the crime.”). Here, the detective gave direct testimony of the drug transaction and Appellant’s role in the transaction, including his providing the drugs to the intermediary.
Moreover, the detective’s challenged testimony was akin to closing argument in Reyes v. State, 700 So.2d 458 (Fla. 4th DCA 1997), which we found not to be inadmissible. In that opinion, we distinguished between testimony “of generalized common practices among drug dealers” that the State inadmissibly uses as “proof of guilt,” in contrast to “assertions of logical inferences.” Id. at 460. The dissenting opinion discusses Reynolds v. State, 74 So.3d 541 (Fla. 4th DCA 2011). That opinion held the trial court erred in admitting testimony concerning “general crime behavior,” when the testimony was “that the defendant’s act of leaning into the vehicle was consistent with the conduct of someone engaging in a drug transaction.” Id. at 545. In the instant case, the detective’s testimony at issue wasn’t offered to establish that an indirect sale was “consistent with the conduct of someone engaging in a drug transaction”; it was offered more as an “assertion of a logical inference” to explain Appellant’s actions.
Conclusion
Because the objection made in the trial court (“speculation”) was insufficient to preserve the claim of error on the basis of relevancy on appeal, we are unable to address Appellant’s relevance argument. Having found no abuse of discretion with respect to the trial court’s admission of the challenged statement when presented only with a speculation objection, and in the absence of any preserved issues raised by Appellant on appeal, we affirm. Alternatively, to the extent that the “speculation” challenge is not deemed to have been abandoned on appeal, we find any error to be harmless.

Affirmed.

Ciklin, C.J., concurs.
Taylor, J., dissents with opinion.