DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREMAINE BEARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-159

[September 18, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 10-22473CF10A.

John E. Bergendahl of Law Offices of John E. Bergendahl, Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CROOM, JANET, Associate Judge.

The defendant below appeals a conviction of armed robbery in possession of a firearm, based on multiple trial court errors. We find no error on all issues raised, excepting whether the trial court erred in admitting into evidence photographs of an individual who is purportedly the defendant, holding a handgun. While the trial court committed error, as discussed below, we find that any such error was harmless.

The victim met the defendant and another person in a CVS parking lot, expecting to pay cash in exchange for used electronic devices. The transaction took place at the trunk of a vehicle, where the purported devices were located. Just as the trunk opened, the defendant pulled out a gun and put it to the victim's neck, told him not to move, not to say anything, and took the cash. A police car entered the CVS parking lot and the defendant fled the scene with his accomplice. At trial, the victim described the gun as a black handgun which felt metallic against his neck.

The State alleged that the defendant carried a firearm or other deadly weapon during the course of the robbery, and sought to introduce

photographs retrieved from the defendant's phone which depicted him holding a black handgun.  However, the defendant stated that his partner pulled a phone out, stuck it in the victim's back, and instructed the victim not to move.  The defendant sought to exclude the two photographs retrieved from his phone, asserting that there was no evidence to link the firearm in the photo to the one supposedly used to commit the robbery.  The defendant further stated that because the authorities did not recover a gun during their investigation, the photographs would be irrelevant and highly prejudicial.

Over objection, the trial court let the two photographs into evidence, and the victim testified that the individual in the photos was the defendant, further stating that the gun was similar to the one used in the robbery.  The defendant denied that he was the individual depicted holding the gun in the photographs and testified that they were pictures of his identical twin brother that the defendant had taken with the telephone.  During trial, the identical twin brother came into the courtroom and was displayed for the jury.

"A trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard of review, but the court's discretion is limited by the rules of evidence and the applicable case law." *Horwitz v. State*, 189 So. 3d 800, 802 (Fla. 4th DCA 2015).

This Court has previously outlined the rules regarding the admissibility of evidence.  *See O'Connor v. State*, 835 So. 2d 1226, 1230 (Fla. 4th DCA 2003).

> Evidence must be relevant in order to be admissible.  *See* § 90.402, Fla. Stat. [(2017)].  Relevant evidence is defined as evidence "tending to prove or disprove a material fact."  § 90.401, Fla. Stat. [(2017)].  While all admissible evidence must be relevant, not all relevant evidence is admissible; section 90.403 mandates that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice."  § 90.403, Fla. Stat. [(2017)].

*Id.*  "Generally, any facts relevant to prove a fact in issue are admissible unless admission is precluded by a specific rule." *Council v. State*, 691 So. 2d 1192, 1194 (Fla. 4th DCA 1997).

"It is well-settled that in order for evidence of a firearm to be admissible as relevant in a criminal trial, the state must show a sufficient link between the weapon and the crime." *Metayer v. State*, 89 So.3d 1003, 1007 (Fla.

2

4th DCA 2012). The Fifth District has described what is, and is not, necessary to show this "sufficient link." *See Gartner v. State*, 118 So. 3d 273, 276 (Fla. 5th DCA 2013) (stating that the trial court did not abuse its discretion in allowing evidence linking a seized item to a crime, even though the evidence was inconclusive, because the victim remembered distinct features of the gun's handle, and testified that the distinct features resembled the gun at the crime).

> In determining whether a sufficient nexus exists, the trial court can consider testimony identifying distinct similarities between the weapon used in the crime and the weapon proffered at trial. . . . A sufficient nexus does not, however, require testimony that the proffered weapon is definitively the weapon that was used during the crime. Indeed, if it is inconclusive that the proffered weapon is the weapon used during the crime but a sufficient nexus exists, it is the jury's province to determine the credibility and weight of the evidence.

*Id.* (citations omitted). This court has also stated that the failure to "elicit testimony . . . concerning whether the gun admitted was actually the robbery weapon used, or even had similar characteristics, is not determinative on the issue of admissibility." *Council*, 691 So. 2d at 1194.

In *O'Connor*, the State attempted to admit several photographs into evidence that were found during a search of O'Connor's home thirty-six days after a murder and robbery occurred. 835 So. 2d at 1228. The photographs, found in O'Connor's room, depicted a shotgun and a bullet proof vest, among other items. *Id.* O'Connor objected to the admission of the photographs because there was no evidence linking the shotgun or the vest to the murder, in fact, the victim had been killed with a handgun. *Id.* Despite this, the trial court overruled the objection and allowed the photographs into evidence. *Id.* On appeal, this court ruled that the trial court erred in admitting the photographs. *Id.* at 1231. This court theorized that when the evidence at trial does not link a seized item to the crime, that item is inadmissible. *Id.*

Applied to the facts at hand, the victim was unable to provide any distinct features or meaningful details about the handgun, and there was no gun or evidence of a weapon recovered from the scene. The victim testified that the gun held on his neck was black and felt metallic. This description is insufficient to provide any meaningful link to the gun depicted in the photographs taken from the defendant's phone, which may or may not have been held by the defendant or his identical twin brother.

3

Such vague testimony renders the victim's identification of the gun in the photos so inconclusive as to make the photos inadmissible. The jury should not have been allowed to weigh the photographs in relation to the testimony at trial. As such the trial court committed error.

However, Beard's telephone number was identified as the number used to orchestrate the transaction with the victim at CVS. The victim positively identified Beard when he was showed his photo in a line-up, stating: "I recognize his face very well." The victim also testified that Beard pressed a gun to his neck during the robbery. This testimony, even without the photograph, is enough to sustain a conviction for a firearms-based offense. *See Akins v. State*, 838 So. 2d 637, 639 (Fla. 5th DCA 2003) ("Eyewitness testimony that the defendant possessed a firearm is sufficient evidence to support a finding that the defendant was in possession of a firearm."). Furthermore, Beard, by his own testimony, placed himself at the scene of the crime. Thus, based on this physical evidence and testimony submitted to the jury, any error in admitting the photographs was harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4