# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1102
LT Case No. 2022-CF-003075-A

_____

TIMOTHY LAMACK MUNNERLYN,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Robert W. Hodges, Judge.

Matthew J. Metz, Public Defender, and Edward J. Weiss,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Alyssa M.
Williams, Assistant Attorney General, Daytona Beach, for
Appellee.

May 8, 2026


EDWARDS, J.

Timothy Lamack Munnerlyn, ("Appellant") contends that his
conviction for possession of over twenty (20) grams of cannabis
(marijuana) with intent to sell should be set aside, arguing that
the trial court erred by overruling Appellant's contemporaneous
"speculation" objection to a police officer's testimony as to what can

be characterized as "general criminal behavior."  Over objection, a police officer was allowed to testify that sandwich bags, like those found in Appellant's marijuana-filled backpack, typically were used to separate a larger amount of marijuana into predetermined sizes for sales.  The State's harmless error argument is undercut by a lack of direct evidence and its reliance in both opening statement and closing argument on that testimony, along with reference to the scale and cash found in the car, as evidence of Appellant's intent to sell the 300 grams of marijuana that he admittedly possessed.  Whether Appellant's objection of "speculation" was sufficient presents a closer question.

*Traffic Stop Reveals Contraband*

On the night of August 11, 2022, while on routine patrol, Officer Santos of the Ocala Police Department stopped a vehicle that was driving on the road with headlights on, but the tail lights were not illuminated.  Appellant was the front seat passenger, and his pregnant girlfriend was the driver.

Officer Santos noticed the smell of raw marijuana coming from the car.  When asked, neither occupant had a medical marijuana card.  In response to further questioning about marijuana, Appellant reached down to the floor near his feet and retrieved a large cloth bag or backpack that contained a large clear bag filled with a leafy green substance and a box of plastic sandwich bags.  The green leafy substance field tested positive for marijuana.  Another, smaller bag of marijuana was recovered as well, with the total weight of marijuana in both bags being just over 300 grams.

As Appellant was getting out of the car, Officer Santos saw a clear folded bag on the floor, near where the backpack had been.  That bag contained seventy-three (73) seemingly identical pills, one of which was later tested and determined to be hydromorphone.  Incident to the stop, Officer Santos searched Appellant and discovered $3,140 in cash.  A digital scale with cannabis residue was found in the center console of the car.

Appellant, post-*Miranda*[1], admitted ownership of all the cannabis related items but denied ownership of the pills. Appellant's girlfriend said she did not know any drugs were in the car.

*The Charges, the Trial, and the Verdict*

Appellant was charged with: (Count 1) trafficking in hydromorphone, (Count 2) possession of cannabis over 20 grams with the intent to sell, and (Count 3) possession of paraphernalia.

In opening statements, the State advised the jury that Officer Santos would explain about the traffic stop, what he found, and how the scale and plastic sandwich bags he discovered were often used to weigh and package substances to be either sold or delivered.

On direct by the State, Officer Santos testified that he determined the green leafy substance was marijuana based on his training, experience, and a field test.

Next, came the testimony, objection, and ruling which form the basis of this appeal.

> THE STATE: And based on your training and experience, what was the significance of those plastic sandwich bags?
>
> OFFICER: Typically, whenever you have that large quantity of marijuana or any controlled substance in conjunction with a box of plastic bags, those --
>
> APPELLANT'S COUNSEL: Objection, Your Honor, speculation.
>
> THE COURT: That's overruled.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

OFFICER: Those plastic bags are used in conjunction together to separate the substance into predetermined amounts for sale.

In closing argument, the State discussed the evidence supporting the charge of possession of marijuana with intent to sell. It was undisputed that it was indeed marijuana and more than 300 grams. The State reminded the jury that "Officer Santos explained he has multiple sandwich bags and he has a scale." The State then argued that "the only reason you would need all three of those together in one situation is to pull from the larger bag and dole out into smaller bags to sell." After discussing the cash once more, counsel for the State commented, "[a]gain with the scale and baggies, he intended to sell marijuana." The State continued by arguing that, "we can infer and find that the only reasonable reason for him to have all this is because he was intending to sell at the next given opportunity," proving that "he was in possession with the intent to sell."

Appellant was found guilty as charged by the jury on Count 2, possession of more than twenty (20) grams of cannabis with the intent to sell, and Count 3, possession of paraphernalia. On Count 1, he was found guilty of the lesser included crime of possession of hydromorphone but not of trafficking that substance. The trial court sentenced him to forty-eight (48) months in prison for Counts 1 and 2, to be served concurrently, and time served as to Count 3.

*Standard of Review*

"Generally, this Court reviews a trial court's admission of evidence under an abuse of discretion standard." *Gartner v. State*, 118 So. 3d 273, 275–76 (Fla. 5th DCA 2013) (citing *Hudson v. State*, 992 So. 2d 96, 107 (Fla. 2008) (additional citation omitted)). "[The lower court's evidentiary] discretion is limited, however, by the rules of evidence and the doctrine of stare decisis . . . ." *Taylor v. State*, 146 So. 3d 113, 116 (Fla. 5th DCA 2014).

*Analysis*

Appellant timely appealed only his conviction on Count 2, arguing that Officer Santos' objected-to testimony about the

typical use of sandwich bags by drug dealers (referred to hereinafter as "Santos' baggie testimony") was inadmissible general criminal behavior evidence that impermissibly contributed to the jury finding possession *with intent to sell*, rather than simple possession, of more than twenty (20) grams of cannabis. The State responds first that Appellant's "speculation" objection was insufficient or inappropriate, and second, that any error in admitting Santos' baggie testimony was harmless.

Relying on *Reynolds v. State*, 74 So. 3d 541, 545 (Fla. 4th DCA 2011), Appellant asserts that testimony of general criminal behavior, i.e., how sandwich bags are used by other dealers, offered by Officer Santos, is inadmissible as substantive proof of Appellant's guilt. More than twenty (20) years ago, the First District set forth the law that has been consistently applied for decades:

> the law is well settled that general criminal behavior testimony based upon a law enforcement officer's observations and experience in the investigation of other cases is inadmissible as substantive proof of a defendant's guilt, because a defendant has a right to be tried based on the evidence against him or her, not on the characteristics or general behavior of certain classes of criminals in general.

*Baskin v. State*, 732 So. 2d 1179, 1180 (Fla. 1st DCA 1999). The Fourth District gave an enlightening discussion of why such testimony is typically inadmissible and then discussed several specific cases in which "common drug dealer practice" testimony was found to be reversible error. *Armalin v. State*, 884 So. 2d 458, 459–60 (Fla. 4th DCA 2004). Santos' baggie testimony fits that category of inadmissible "common drug dealer practice" evidence.

Next, we consider whether Appellant's objection of "speculation" provided a proper ground that required the trial court to prevent Officer Santos from answering the specific question, "[a]nd based on your training and experience, what was the significance of those plastic sandwich bags?" The State argues that the only appropriate objections would have been as to relevance or that any probative value would have been outweighed

5

by unfair prejudice pursuant to section 90.403, Florida Statutes. We agree that the objections suggested now by the State may have been better or more appropriate than simply "speculation."

However, in another case, an officer was allowed to testify, over objection, about the practice among drug dealers of using slips of paper with their phone numbers to facilitate drug sales, to explain that similar items found in that defendant's car suggested he not only possessed cocaine, but that he also had the intent to sell it. *Petion v. State*, 48 So. 3d 726, 728 (Fla. 2010). The defendant objected that such testimony would be "really speculative" and required the officer to "speculate." *Id.* Both the Fourth District and the Florida Supreme Court found that the trial court abused its discretion in admitting the officer's testimony over the defendant's stated objection; however, neither court's opinion suggests that the sufficiency of that objection was actually contested. *Petion v. State*, 4 So. 3d 83, 87 (Fla. 4th DCA 2009), *overturned on other grounds*, 48 So. 3d at 726. "No magic words are needed to make a proper objection," as long as the contemporaneous objection is sufficient to "inform the court of the alleged error." *State v. Paulk*, 813 So. 2d 152, 154 (Fla. 3d DCA 2002) (citing *Williams v. State*, 414 So. 2d 509 (Fla. 1982)). While the relevance and section 90.403-based objections might deserve a higher grade on a law school exam, we find Appellant's "speculation" objection to have sufficiently alerted the trial court to the issue. Accordingly, we hold that the trial court abused its discretion in overruling Appellant's contemporaneous objection to Officer Santos' baggie testimony.

Having reached that conclusion, we must now consider the State's argument that allowing the jury to hear Santos' baggie testimony was harmless error. The State bears the burden "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction." *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

There certainly have been cases where police testimony about what drug dealers often do has been found to be harmless error. Take *Orton v. State*, 212 So. 3d 377 (Fla. 4th DCA 2017), as an example. There, the Fourth District found that if there was any

6

error in the admission of a detective's testimony about certain "generalized common practices among drug dealers," "it was at most harmless." *Id.* at 379–80. Unlike here, in *Orton*, there was direct evidence of the defendant's involvement in the sale, as the testifying detective was directly involved as the buyer in the drug sale, and personally observed the defendant pass the contraband pills to an intermediary, who in turn gave them to the detective in exchange for the detective's cash, all of which took place at a motel bar. *Id.* at 380. In another Fourth District case, the court found a police officer's "common drug dealer practice" testimony to be harmless error. *Armalin*, 884 So. 2d at 459–60. The same officer in *Armalin* also testified that he was present in the defendant's car, where the drug sale took place, and observed the defendant take wrapped drugs (cocaine) from the defendant's mouth and pass them to another undercover officer, in the same car, in exchange for cash. *Id.*

In the case now before the Court, there was no direct evidence that Appellant had sold or intended to sell the marijuana. The Santos' baggie testimony was offered only to help prove that Appellant intended to sell the marijuana that he possessed. We are well aware that there was properly admitted evidence, such as the scale with cannabis residue, a large amount of marijuana, and a large amount of cash, that was all consistent with and further circumstantial evidence of Appellant having the intent to sell. But, the harmless error rule laid out in *DiGuilio* is not a test of whether the properly admitted evidence was sufficient to sustain the conviction. 491 So. 2d at 1137. Nor, as we consider whether Santos' baggie testimony was harmless error, will we ignore the commonsense factor that the State mentioned it in both its opening statement and closing argument. "Courts are also less likely to find an error harmless where the State relies on the erroneously admitted evidence during its closing argument [and opening statement]." *Tripoli v. State*, 50 So. 3d 776, 781 n.3 (Fla. 4th DCA 2010) (citing *McKeown v. State*, 16 So. 3d 247, 249 (Fla. 4th DCA 2009) (additional citations omitted)). The State has not met its burden of proving harmless error.

*Conclusion*

7

Accordingly, for the reasons set forth above, we are compelled to reverse the trial court's evidentiary ruling, vacate Appellant's conviction on Count 2, and remand for further proceedings.


REVERSED and REMANDED.

WALLIS, J., concurs,
MAKAR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., dissenting.

Affirmance is warranted because either no error has been shown, or the claimed error is harmless. *See Brooks v. State*, 700 So. 2d 473, 474 (Fla. 5th DCA 1997) ("It is proper for an appropriately trained and experienced law enforcement officer to offer expert opinion concerning packaging of drugs for sale versus personal use."); *see also Scarlett v. State*, 704 So. 2d 615, 616 (Fla. 4th DCA 1997) (explaining that a police officer "may testify regarding whether drugs were intended for personal use or for sale, based on the amount and packaging of the drugs"). Here, Munnerlyn had a substantial amount of marijuana (307 grams); a clear plastic bag with 73 hydromorphone pills; a box of plastic sandwich bags; a digital scale with cannabis residue; and $3,140 in cash. Under these facts, the claimed error was harmless and no "miscarriage of justice" results from affirmance. *See* § 59.041, Fla. Stat. (2026).